HAUBEIL & SONS ASPHALT AND MATERIALS, INC.; ADAMS ET AL., APPELLANTS, *v.* BREWER & BREWER SONS, INC., APPELLEE, ET AL.

(No. 1443—Decided
February 10, 1989.)

*James R. Kingsley,* for appellants.
*John W. Edwards,* for appellee.

ABELE, J. This is an appeal from a Ross County Court of Common Pleas judgment granting appellee's motion to impose a sanction against plaintiff's attorneys Adams and Rosenberg for violating Civ. R. 11 by filing a frivolous complaint. The court ordered Adams and Rosenberg to pay appellee $2,000 for attorney fees spent defending the complaint. Adams and Rosenberg appeal.

We reverse.

### Assignment of Error I

"The trial court committed prejudicial error when it imposed Civil Rule 11 sanctions against appellants.

"A. Attorney fees may not be awarded for a violation of Civil Rule 11.

"B. The facts supported a reasonable investigation of the facts and law.

"C. The filing of the complaint was not done knowingly without support in fact and law; [and] was not done for an improper purpose [or] in bad faith.

"D. The proceedings were not terminated in favor of the moving party in all respects."

While we do not necessarily agree with appellants that attorney fees may never be awarded for a violation of Civ. R. 11, we do agree with appellants that the court below should not have awarded attorney fees in the case at bar. Civ. R. 11 provides in pertinent part:

"* * * The signature of an attorney constitutes a certificate by him that he has read the pleading; that *to the best of his knowledge, information, and belief* there is good ground to support it; and that it is not interposed for delay. * * * For a willful violation of this rule an attorney may be subjected to appropriate action. * * *" (Emphasis added.)

Before a court may subject an attorney to "appropriate action" under Civ. R. 11, the attorney must have *willfully* violated the rule — in particular, the attorney must have willfully signed a pleading which, *to the best of his knowledge, information, and belief,* was not supported by good ground.

While the record below reveals appellants, for whatever reason and to whatever degree, were mistaken in their belief that the complaint they filed was supported by good ground, we do not believe the record contains sufficient evidence to prove appellants signed a pleading which they knew to be false or which they interposed for delay. Further, as appellants contend, the action was not terminated in appellee's favor in all respects. The court approved a judgment entry which forced defendant city of Chillicothe to strictly enforce the contract at issue and to make periodic inspections to ensure defendant Three Locks Construction Company is complying with the contract.

Appellants' assignment of error is sustained.

*Judgment reversed.*

STEPHENSON, J., concurs.

GREY, P.J., dissents.

GREY, P.J., dissenting. I respectfully dissent.

The majority opinion relies on "willfulness," and "to his best knowledge, information, and belief," as standards. These are, I believe, the stan-

24

dards for the common-law abuse of process action.

Civ. R. 11 contemplates more, and implies a duty on counsel to check before filing. The Civil Rules did away with the demurrer, which was a simple, inexpensive, yet effective response to a spurious claim in the code pleading days. Under the Civil Rules, however, the defendant must answer, respond to discovery, etc. and generally incur legal expenses before he is entitled to a Rule 12 motion to dismiss or a Rule 56 motion for summary judgment. If a defendant is put to this expense over a frivolous or mistaken claim, it is entirely reasonable for the Civil Rules to recognize this and to grant compensation.

There are not many cases on Rule 11; *Stevens* v. *Kiraly* (1985), 24 Ohio App. 3d 211, 24 OBR 388, 494 N.E. 2d 1160; *Rinehart* v. *Stauffer* (C.A. 9, 1979), 638 F. 2d 1169; and the Staff Notes are not much help in deciding what interest is to be protected, what abuse Civ. R. 11 was adopted to prevent.

To construe Civ. R. 11 that the attorney's certificate means only that he has to believe his pleading is true puts a premium on ignorance. I believe Civ. R. 11 implies that any attorney cannot certify unless and until he has made an investigation into the facts.

It was the total failure to investigate by counsel in this case that led to the sanction. This is appropriate under Civ. R. 11, and I would affirm on that ground.

I would add parenthetically that although a motion to certify is not in order here, it would be particularly helpful to the bench and bar if the Ohio Supreme Court would make a definitive holding about the purpose and use of Civ. R. 11.

Thus, I dissent.