CEOL, Appellee,

v.

ZION INDUSTRIES, INC., Appellant.

[Cite as *Ceol v. Zion Indus., Inc.* (1992), 81 Ohio App.3d 286.]

Court of Appeals of Ohio,
Lorain County.

No. 91CA005110.

Decided Feb. 12, 1992.

*John A. Frenden,* for appellee.
*David W. Welty,* for appellant.

REECE, Judge.

Defendant-appellant, Zion Industries, Inc., questions an entry of the Lorain County Court of Common Pleas denying sanctions against plaintiff-appellee, Scott Douglas Ceol, and his attorney. The dispute arose on September 21, 1990, when the attorney signed and filed a complaint for wrongful discharge on Ceol's behalf. $750,000 and court costs were sought. Zion Industries responded and denied liability.

On November 28, 1990, Zion Industries deposed Ceol. Zion Industries' counsel then dispatched a letter to Ceol's attorney on December 4, 1990, offering to forgo possible sanctions in return for dismissal of the lawsuit. The correspondence explained in detail why there could be no recovery in light of various admissions made by Ceol during his deposition. Further communications were exchanged by the lawyers, but no agreement was reached.

On February 25, 1991, Zion Industries moved for summary judgment on all issues. The corporation also requested sanctions against Ceol and his attorney pursuant to both Civ.R. 11 and R.C. 2323.51. No response was offered in

opposition. The trial court granted summary judgment on April 15, 1991 and scheduled a hearing on sanctions.

Several witnesses were presented by Zion Industries during the proceedings on May 6, 1991. Ceol's attorney conducted cross-examination but offered no evidence of his own. Nevertheless, the court denied sanctions on May 10, 1991.

This appeal by Zion Industries follows. No appellee's brief has been presented.

### Assignment of Error

"The trial court erred in denying defendant's motion for sanctions."

■ The general rule in Ohio, subject to statutory enactments, has long been that the prevailing party is not entitled to an award of attorney fees absent a demonstration of bad faith. *State ex rel. Crockett v. Robinson* (1981), 67 Ohio St.2d 363, 369, 21 O.O.3d 228, 232–233, 423 N.E.2d 1099, 1103; *State ex rel. Nagy v. Elyria* (1988), 54 Ohio App.3d 101, 103, 561 N.E.2d 551, 553. In response to a frivolous complaint, attorney fees may be sought in accordance with this exception under any one of three possible rationales: the court's inherent powers, Civ.R. 11, and R.C. 2323.51.[1] Each of these mechanisms serves to deter improper litigation practices as well as compensate aggrieved parties.

### I

### Inherent Powers

■ Courts "possess inherent power to do all things necessary to the administration of justice and to protect their own powers and processes." *Slabinski v. Servisteel Holding Co.* (1986), 33 Ohio App.3d 345, 346, 515 N.E.2d 1021, 1023. Sanctions may be imposed against parties or their attorneys when the judicial process is abused. *Id.;* accord *Chambers, supra,* 501 U.S. at ——–——, 111 S.Ct. at 2132–2133, 115 L.Ed.2d at 44–46. Since Zion Industries did not seek, and the trial court did not specifically exercise, this recourse, we will consider it no further.

---

1. No argument has been advanced to this court that any of these three avenues is exclusive of the other two. We note that such a position was recently rejected in a federal context. *Chambers v. Nasco, Inc.* (1991), 501 U.S. ——, ——–——, 111 S.Ct. 2123, 2134–2136, 115 L.Ed.2d 27, 46–49.

## II

### Civ.R. 11

Civ.R. 11 governs the signing of pleadings and states, in pertinent part, that:

" * * * The signature of an attorney constitutes a certificate by him that he has read the pleading; that to the best of his knowledge, information, and belief there is good ground to support it; and that it is not interposed for delay. If a pleading is not signed or is signed with intent to defeat the purpose of this rule, it may be stricken as sham and false and the action may proceed as though the pleading had not been served. *For a willful violation of this rule an attorney may be subjected to appropriate action.* Similar action may be taken if scandalous or indecent matter is inserted." (Emphasis added.)

An attempt to invoke Civ.R. 11, which seeks more than a mere striking of the offensive pleading, should be followed by a three-step determination. First, the court must consider whether the attorney signing the document (1) has read the pleading, (2) harbors good grounds to support it to the best of his or her knowledge, information, and belief, and (3) did not file it for purposes of delay. If any one of these requirements is not satisfied, the next question is whether the violation was "willful" as opposed to merely negligent. *Haubeil & Sons Asphalt & Materials, Inc. v. Brewer & Brewer Sons, Inc.* (1989), 57 Ohio App.3d 22, 23, 565 N.E.2d 1278, 1279. If so, the court *may* impose an "appropriate action." Broad discretion is afforded to the determination of what, if any, sanction is to be administered. *Stevens v. Kiraly* (1985), 24 Ohio App.3d 211, 213–214, 24 OBR 388, 390–391, 494 N.E.2d 1160, 1163–1164.

When adopted as part of the original Ohio Rules of Civil Procedure in 1970, Civ.R. 11 was nearly identical to Fed.R.Civ.P. 11. See 2A Moore's Federal Practice (1990), Paragraph 11.01[3], at 11–3. However, the federal rule was amended in 1983 after receiving widespread criticism of its general ineffectiveness. *Cooter & Gell v. Hartmarx Corp.* (1990), 496 U.S. 384, 391–393, 110 S.Ct. 2447, 2453–2454, 110 L.Ed.2d 359, 373–374. In contrast to Ohio Civ.R. 11, Fed.R.Civ.P. 11 now extends beyond the pleadings to all motions and other papers and demands an "appropriate sanction," which may include reasonable attorney fees, upon a violation. *Id.* at 393–394, 110 S.Ct. at 2454–2455, 110 L.Ed.2d at 374; see, also, *Thomas v. Capital Security Serv., Inc.* (C.A.5, 1988), 836 F.2d 866, 870 (*en banc*). More significantly, the signer must conduct a "reasonable inquiry" into whether the action "is well grounded in fact" and "warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law." An objective standard has thus been imposed. *Business Guides, Inc. v. Chromatic Communica-*

*tions Ent., Inc.* (1991), 498 U.S. 533, 548–551, 111 S.Ct. 922, 931–933, 112 L.Ed.2d 1140, 1157–1158; *Chambers, supra,* 501 U.S. at ——, 111 S.Ct. at 2134, 115 L.Ed.2d at 46, and fn. 11. Lacking these amendments, Ohio Civ.R. 11 still employs the subjective "bad faith" approach.

 With these limitations in mind, we cannot agree that the trial judge abused his discretion by failing to award sanctions against Ceol's attorney pursuant to the Civil Rules. Admittedly, the court ignored the initial step in the process by expressing no conclusions as to whether Ceol's attorney violated any of the specific requirements of Civ.R. 11. Nevertheless, the court did explicitly determine that he was guilty of "misinterpreting the state of existing law." Under the subjective standard imposed, such conduct does not rise to the level of willfulness necessary to warrant "appropriate action." Cf. *Newman v. Al Castrucci Ford Sales, Inc.* (1988), 54 Ohio App.3d 166, 169–170, 561 N.E.2d 1001, 1004–1005.

### III

### R.C. 2323.51

 Ohio's frivolous conduct statute is codified in R.C. 2323.51. This measure was enacted by the General Assembly in 1987, rectifying many of the shortcomings of Civ.R. 11. The duties imposed reach beyond the mere filing of a pleading and include "any other action in connection with" a lawsuit. R.C. 2323.51(A)(1). Parties as well as attorneys of record are responsible under the Act. R.C. 2323.51(A)(2). Most importantly, "frivolous conduct" is defined in decidedly objective terms:

"(a) It obviously serves merely to harass or maliciously injure another party to the civil action; [or]

"(b) It is not warranted under existing law and cannot be supported by a good faith argument for an extension, modification, or reversal of existing law." *Id.*

No references are made to what the targeted individual actually knew or believed.

 Since "willfulness" is not a prerequisite for relief, analysis of a claim under this statute boils down to a determination of (1) whether an action taken by the party to be sanctioned constitutes "frivolous conduct," and (2) what amount, if any, of reasonable attorney fees necessitated by the frivolous conduct is to be awarded to the aggrieved party. See *In re Annexation of 18.23 Acres* (Jan. 11, 1989), Summit App. No. 13669, unreported, at 10, 1989 WL 1643. The initial question requires a factual determination. See *Pisanick–Miller v. Roulette Pontiac–Cadillac GMC, Inc.* (1991), 62 Ohio App.3d

757, 761, 577 N.E.2d 446, 449; *Sladoje v. Slettebak* (1988), 44 Ohio App.3d 206, 207–208, 542 N.E.2d 701, 703–704. The trial judge, of course, will have had the benefit of observing the entire course of proceedings and will be most familiar with the parties and attorneys involved. Consequently, a finding as to the commission of frivolous conduct is entitled to substantial deference upon review. *S.P.U. Waterproofing of Ohio, Inc. v. Zatorski* (June 19, 1991), Summit App. No. 14932, unreported, at 3, 1991 WL 116267; *Hildreth v. Mims* (1990), 70 Ohio App.3d 282, 287, 590 N.E.2d 1353, 1356 ("abuse of discretion" criteria to be employed).

The important policy considerations advanced by the legislation nevertheless demand that sanctions be imposed whenever appropriate. In *Turowski v. Johnson* (1990), 68 Ohio App.3d 704, 589 N.E.2d 462, this court recognized that an abuse of discretion is committed when a request for attorney fees is arbitrarily denied. In a second appeal following remand, it was further remarked that while an award of less than reasonable attorney fees may be properly made, trial courts "must have the courage" to further the goals of the statute. *Turowski v. Johnson* (1991), 70 Ohio App.3d 118, 125, 590 N.E.2d 434, 438 (Quillin, P.J., concurring).

 Returning to the instant case, the record contains substantial evidence that Ceol's attorney engaged in "frivolous conduct" throughout the course of the proceedings. The complaint he signed contains numerous mistakes including references to Zion Industries as "Pewter Mug" and Scott Ceol as "her." During his deposition, Ceol admitted that many of the factual allegations were blatantly untrue. Moreover, he was never shown a copy of the document before it was filed.

After the deposition, Zion Industry's counsel attempted to secure a voluntary dismissal of the lawsuit through two correspondences. Ceol's attorney refused. When an extensive motion for summary judgment was filed by the employer, no response was offered. At the ensuing hearing upon sanctions, Ceol's attorney offered no testimony or exhibits on his own behalf. Finally, he has made no attempt to defend the trial court's judgment in this appeal.

In denying the relief requested, the trial judge's sole determination was that "misinterpreting the state of existing law does not constitute 'frivolous conduct.'" As previously noted, "misinterpreting the state of existing law" is a valid defense against charges of "willful" violations of Civ.R. 11. However, such negligence is potentially subject to R.C. 2323.51(A)(2)(b) regardless of whether the party or attorney otherwise acted in good faith. By the plain terms of the statute, conduct which "is not warranted under existing law" is frivolous unless a finding is also made that the position can "be supported by a good faith argument for an extension, modification, or reversal of existing

law." *Id.;* see *Grimes v. Boebinger Agency, Inc.* (June 25, 1991), Stark App. No. CA–8417, unreported, at 5–7, 1991 WL 122345. The trial court erred, as a matter of law, by treating ignorance as an exception to R.C. 2323.51(A)(2)(b). In this respect, Zion Industries' assignment of error is well taken.

## IV

### Conclusion

The judgment of the court of common pleas is reversed in part, and otherwise affirmed as it relates to Civ.R. 11. This cause is remanded for a reconsideration of an award of attorney fees pursuant to the frivolous conduct statute, R.C. 2323.51.

*Judgment affirmed in part,*
*reversed in part*
*and cause remanded.*

QUILLIN, P.J., and COOK, J., concur.