DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant-plaintiff, Christine Bowman, appeals from the trial court's judgment that required her to pay the attorney's fees of appellee-defendant, Hormel Foods Corporation, d.b.a. Hormel Foods, ("Hormel"). Hormel moves this court to impose attorney's fees as a sanction against Ms. Bowman for filing a frivolous appeal. We affirm the judgment of the trial court, and we deny Hormel's motion for attorney's fees in this court.
On December 5, 1996, Ms. Bowman filed a complaint in the Wayne County Court of Common Pleas against K-mart Corporation and Hormel. Ms. Bowman sought relief in products liability, alleging that she injured her teeth when she bit into a corned beef sandwich made from a can of Hormel corned beef. The trial court entered a judgment and jury verdict in favor of the defendants at the conclusion of the trial. Hormel moved for attorney's fees pursuant to R.C. 2323.51. After conducting a hearing, the trial court granted Hormel's motion for attorney's fees.
Ms. Bowman timely appealed and has raised three assignments of error.
ASSIGNMENT OF ERROR I
 The [t]rial [c]ourt erred as a matter of law by holding that [Ms. Bowman] filed a frivolous claim which constituted frivolous conduct under Section 2323.51(A) of the Ohio Revised Code.
ASSIGNMENT OF ERROR II
 The trial court erred as a matter of law by holding that [Ms. Bowman] filed a frivolous claim which constituted frivolous conduct under Section 2323.51(A)(2)(a).
Because Ms. Bowman's first two assignments of error relate to whether the trial court erred in concluding that Ms. Bowman had engaged in frivolous conduct, we will address them together. Ms. Bowman points to the definition of frivolous conduct in R.C.2323.51(A)(2)(a)(iii) that relates to claims that lack factual support. She avers that the trial court erred as a matter of law by relying on a lack of evidence because that subsection was not in existence when she filed her claim. In addition, she claims that the trial court erred as a matter of law on the basis that Hormel failed to pursue various litigation options during the cause of action. We disagree.
R.C. 2323.51(A)(2)(a) provides the following:
 "Frivolous conduct" means * * * conduct of * * * a party to a civil action, * * * [that] obviously serves merely to harass or maliciously injure another party to the civil action[.]
Before R.C. 2323.51(A) was amended to include a subsection specifically outlining factual weaknesses in litigation, R.C.2323.51(A)(2)(a)(iii), courts recognized that frivolous conduct could occur pursuant to the former R.C. 2323.51(A)(2)(a) where factual mistakes and false allegations were presented. See Ceolv. Zion Indus., Inc. (1992), 81 Ohio App.3d 286, 292. On review, an appellate court examines the record to determine whether the finding of frivolous conduct was supported by competent, credible evidence. Wiltberger v. Davis (1996), 110 Ohio App.3d 46, 52. In doing so, however, an appellate court affords deference to a trial court's factual determination. See id.; Ceol v. Zion Indus.,Inc., 81 Ohio App.3d at 292.
The record reveals that the can with the allegedly tainted corned beef was not located in Ohio until August of 1995, at the earliest. The record also demonstrates that Ms. Bowman admitted that she purchased the can in Ohio prior to August of 1995 and that the alleged injury to her teeth occurred in May or June of 1995. She presented evidence that also verified this timeline. The trial court's finding of frivolous conduct because "there was no basis in fact for [Ms. Bowman's] claim" is supported by competent, credible evidence. Accordingly, Ms. Bowman's first two assignments of error are overruled.
ASSIGNMENT OF ERROR III
 The trial court erred as a matter of law by awarding Defendant Hormel attorney's fees without finding that said party was adversely affected by any frivolous conduct of [Ms. Bowman] under Section 2323.51(B) of the Ohio Revised Code.
Ms. Bowman avers that the trial court erred by imposing attorney's fees without finding that Hormel was adversely affected by her alleged frivolous conduct. We disagree.
The decision to impose an award of reasonable attorney's fees for bringing a frivolous lawsuit lies within the discretion of the trial court and will not be reversed absent an abuse of discretion. Lewis v. Celina Fin. Corp. (1995), 101 Ohio App.3d 464,471. Parties who have been adversely affected by the frivolous conduct may seek such sanctions. Wiltberger v. Davis,110 Ohio App.3d at 54.
The trial court's judgment entry outlines false information that Ms. Bowman presented in her pleadings, at trial, and at her deposition. In addition, the entry states that Ms. Bowman stipulated to the amount of Hormel's fees as reasonable and necessary and articulates that "there was no basis in fact for [Ms. Bowman's] claim[.]" Such indications demonstrate that the trial court found that Hormel was adversely affected by the filing and prosecution of the cause of action. Accordingly, we find that the trial court did not abuse its discretion by awarding attorney's fees to Hormel.
Ms. Bowman's three assignments of error are overruled. The judgment of the trial court is affirmed. Upon consideration, Hormel's motion for attorney's fees in this court is denied.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Wayne County Court of Common Pleas to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
 Exceptions. ___________________________ LYNN C. SLABY
FOR THE COURT
BAIRD, P. J.
WHITMORE, J.
CONCUR