[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
The first assignment of error, which alleges that the trial court erred in denying defendant-appellant Cheryl J. Stewart's motion for sanctions pursuant to R.C. 2323.51, is overruled. Stewart had filed the motion against plaintiff-appellee Fifth Third Bancorp, Inc. ("Fifth Third") and its counsel for "frivolous conduct" in the filing of a groundless lawsuit."Frivolous conduct" is conduct that either "obviously serves merely to harass or maliciously injure another party to the civil action" or "is not warranted under existing law and cannot be supported by a good faith argument for an extension, modification, or reversal of existing law." R.C. 2323.51(A)(2)(a). The denial of a motion for sanctions and attorney fees pursuant to R.C. 2323.51 will not be reversed absent an abuse of discretion. See Conese v. Nichols (1998), 131 Ohio App.3d 308,722 N.E.2d 541; Riley v. Langer (1994), 95 Ohio App.3d 151, 642 N.E.2d 1;Master v. Chalko (May 11, 2000), Cuyahoga App. No. 75973, unreported. A trial court's finding on the issue of frivolous conduct is entitled to substantial deference on appeal, because the trial court has the benefit of observing the entire course of the proceedings and is most familiar with the parties and counsel. See Conese v. Nichols, supra; Coel v. ZionIndus., Inc. (1992), 81 Ohio App.3d 286, 610 N.E.2d 1076.
Fifth Third filed a complaint against Stewart, its former employee, to enforce restrictive non-competition covenants. The trial court granted summary judgment in favor of Fifth Third, holding that the restrictive covenants were valid and enforceable as modified to a limited geographic area. The trial court did not abuse its discretion in denying Stewart's motion for sanctions, because Fifth Third had prevailed on its claim to enforce the restrictive covenants, and, therefore, it had not engaged in frivolous conduct in filing and pursuing the lawsuit. See HuntingtonCenter Associates v. Schwartz, Warren Ramirez (Sept. 26, 2000), Franklin App. No. 00AP-35, unreported.
The second assignment of error, alleging that the trial court erred in failing to issue findings of fact and conclusions of law in denying Stewart's motion for sanctions, is overruled. The trial court's failure to provide findings of fact and conclusions of law will not constitute reversible error if the reviewing court can determine from the record that the requesting party suffered no prejudice as the result of the absence of the findings and conclusions, and that, under the circumstances, the error was harmless. See Hicks v. Hennies (Apr. 18, 1990), Hamilton App. No. C-880749, unreported; Shroyer v. The SalemCorp. (Nov. 27, 1985), Hamilton App. No. C-840961, unreported; Gaddis v.Hayes (Mar. 21, 1984), Hamilton App. No. C-830341, unreported.
It is clear from the record that the trial court denied Stewart's motion for sanctions because Fifth Third had prevailed on its claim to enforce the restrictive covenants, and, therefore, it had not engaged in frivolous conduct in filing and pursuing the lawsuit. The record supports the trial court's determination. Stewart suffered no prejudice as a result of the trial court's failure to issue findings of fact and conclusions of law, because the basis of the trial court's decision was clear from the record. Therefore, any error that may have occurred was harmless.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Gorman and Sundermann, JJ.