OPINION
Appellant, Eric E. Willison, appeals from a judgment of the Franklin County Court of Common Pleas granting the motion of defendant-appellee, Garwin P. Velie, for sanctions against Willison. Because the trial court erred in imposing sanctions, we reverse.
On January 15, 1999, Willison, on behalf of Hussein Y. Fouad, re-filed a lawsuit against Velie based on Velie's former representation of Fouad. Willison failed to designate the action as a re-filed case pursuant to Loc.R. 31.01 of the Franklin County Court of Common Pleas. As a consequence, the re-filed case was not assigned to the judge who presided over the first action. After two status conferences, counsel informed the court that the lawsuit was a re-filed matter, prompting the court to transfer the action to the judge who presided over the first case.
At the initial status conference in April 1999, Willison informed the court he had not achieved service of process on Velie; the status conference thus was rescheduled to July 15, 1999. Pursuant to the trial court's granting Willison's motion to use Jon Krukowski as a process server, Willison had Krukowski attempt service of process. At the July 15, 1999 status conference, Willison represented to the court that service of process on Velie had been completed. On August 4, 1999, Willison again so represented the status of service when he filed a notice of service of process. He attached to the notice an affidavit Willison prepared for Krukowski in which Krukowski averred he delivered a copy of the complaint to Velie on or about July 14, 1999, but because Velie would not sign for it, Krukowksi left the complaint with Velie's secretary. The trial court learned later that Krukowski had not achieved valid service of process because (1) Krukowski purportedly sent someone else to effect service, and (2) no summons was included with the complaint.
In response to Willison's attempt at service, Velie filed three separate motions to dismiss, supported by affidavits that claimed he was not personally served, a summons was not served, and a woman appeared at his office to serve the complaint. On May 17, 2000, the court granted Velie's second motion to dismiss. On May 27, 2000, after Velie's second motion to dismiss had been granted, Velie was properly served with a summons and complaint. On June 5, 2000, Velie submitted his third motion to dismiss and a motion for sanctions against Willison. The court granted Velie's third motion to dismiss, although the court indicated that it was unnecessary because Velie's second motion to dismiss had been granted, rendering the May 27, 2000 service of process of no consequence.
On February 21, 2001, the court held a hearing to consider Velie's motion for sanctions against Willison pursuant to R.C. 2323.51(A), Civ.R. 11, and Loc.R. 31.01 of the Franklin County Court of Common Pleas. The court granted Velie's motion and imposed sanctions in the amount of $11,580.50. Willison appeals, assigning the following errors:
 1. The trial court erred in awarding sanctions against Appellant under Ohio Civ.R. 11 and/or R.C. 2323.51.
 2. The trial court erred in awarding Appellee $11,580.50 in attorney's fees that were not a direct, identifiable result of defending alleged frivolous conduct.
Willison's first assignment of error asserts the trial court improperly imposed sanctions against him pursuant to Civ.R. 11 or R.C. 2323.51.
"A claim for attorney fees as sanctions is collateral to and independent of the primary action." Painter v. Midland Steel Products Co. (1989), 65 Ohio App.3d 273, 280. In response to a frivolous complaint, attorney fees may be sought under any one of three possible rationales: Civ.R. 11, R.C. 2323.51, and a court's inherent powers. Ceol v. Zion Indus., Inc. (1992), 81 Ohio App.3d 286, 289.
Civ.R. 11 governs the signing of pleadings, motions, or other papers. Former Civ.R. 11, relevant to these proceedings, provided:
 The signature of an attorney or pro se party constitutes a certificate by the attorney or party that the attorney or party has read the document; that to the best of the attorney's or party's knowledge, information, and belief there is good ground to support it; and that it is not interposed for delay. If a document is not signed or is signed with intent to defeat the purpose of this rule, it may be stricken as sham and false and the action may proceed as though the document had not been served. For a willful violation of this rule an attorney or pro se party, upon motion of a party or upon the court's own motion, may be subjected to appropriate action, including an award to the opposing party of expenses and reasonable attorney fees incurred in bringing any motion under this rule. Similar action may be taken if scandalous or indecent matter is inserted. (Emphasis added.)
"The decision to impose sanctions pursuant to Civ.R. 11 lies within the discretion of the trial court. Absent an abuse of discretion, such decision will not be reversed." State ex rel. Fant v. Sykes (1987),29 Ohio St.3d 65. Moreover, "[a]n abuse of discretion involves more than an error of law or of judgment; it connotes an attitude on the part of the court that is unreasonable, unconscionable or arbitrary." Franklin Cty. Sheriff's Dept. v. State Emp. Relations Bd. (1992), 63 Ohio St.3d 498,506.
Applying Civ.R. 11, the court in Stone v. House of Day Funeral Serv., Inc. (2000), 140 Ohio App.3d 713, noted:
 In ruling on a motion for sanctions made pursuant to Civ.R. 11, the court "must consider whether the attorney signing the document (1) has read the pleading, (2) harbors good grounds to support it to the best of his or her knowledge, information, and belief, and (3) did not file it for purposes of delay." Ceol v. Zion Indus., Inc. (1992), 81 Ohio App.3d 286, 290, 610 N.E.2d 1076, 1078. If the court determines that any of these requirements has not been met, it must then determine "whether the violation was `willful' as opposed to merely negligent." Haubeil Sons Asphalt Materials, Inc. v. Brewer Brewer Sons, Inc. (1989), 57 Ohio App.3d 22, 23, 565 N.E.2d 1278, 1279. If the court determines that the violation was willful, it may impose appropriate sanctions. * * * Finally, the court is granted wide latitude in determining whether sanctions are appropriate and what type of sanction is appropriate in a given case. Id. at 721. (Citations omitted.)
Here, the trial court did not expressly state whether sanctions were awarded pursuant to Civ.R. 11, R.C. 2323.51, or both. Rather, the only reference in the trial court's decision indicates the award includes an amount for Willison violating Loc.R. 31.01. Moreover, although the trial court issued a decision setting forth its rationale for imposing sanctions, it did not find as pertains to Civ.R. 11 that (1) the pleadings or motions prepared by Willison were not read by Willison, (2) Willison did not have good grounds to support the filings based on the best of his knowledge, information, and belief, or (3) Willison submitted the filings for the purpose of delay. See Stone, supra. Finally, the trial court made no determination that Willison's actions were willful as opposed to negligent.
We note, however, that the affidavit of Krukowski, prepared by Willison and filed with the trial court on August 4, 1999, contained statements later determined to be incorrect. Nonetheless, the trial court did not find that at the time Willison drafted or filed the affidavit (1) he did so against his best knowledge, information, and belief, or for the purposes of delay, and (2) Willison's action was willful as opposed to merely negligent. Nor does the record suggest a factual basis for the trial court to so find. Consequently, a Civ.R. 11 sanction based on Willison drafting and filing the affidavit of August 4, 1999 is not supported, and the trial court erred to the extent it found a Civ.R. 11 violation. But, see, DR 7-102(A)(6) of the Ohio Code of Professional Responsibility ("In his representation of a client, a lawyer shall not: * * * [p]articipate in the creation or preservation of evidence when he knows or it is obvious that the evidence is false"). (Emphasis added.)
The analysis of a claim under R.C. 2323.51 requires a court to determine "(1) whether an action taken by the party to be sanctioned constitutes `frivolous conduct,' and (2) what amount, if any, of reasonable attorney fees necessitated by the frivolous conduct is to be awarded to the aggrieved party." Ceol, supra, at 291. See Streb v. AMF Bowling Ctrs., Inc. (May 4, 2000), Franklin App. No. 99AP-633, unreported, appeal not allowed, 90 Ohio St.3d 1414.
At all times relevant to these proceedings, former R.C. 2323.51
provided:
(A) As used in this section:
(1) "Conduct" means any of the following:
 (a) The filing of a civil action, the assertion of a claim, defense, or other position in connection with a civil action * * *;
* * *
(2) "Frivolous conduct" means either of the following:
 (a) Conduct of an inmate or other party to a civil action * * * that satisfies either of the following:
 (i) It obviously serves merely to harass or maliciously injure another party to the civil action or appeal.
 (ii) It is not warranted under existing law and cannot be supported by a good faith argument for an extension, modification, or reversal of existing law. (Emphasis sic.)
"[N]o single standard of review applies in R.C. 2323.51 cases. The inquiry necessarily must be one of mixed questions of fact and law. * * * When an inquiry is purely a question of law, clearly an appellate court need not defer to the judgment of the trial court. However, we do find some degree of deference appropriate in reviewing a trial court's factual determinations; accordingly, we will not disturb a trial court's findings of fact where the record contains competent, credible evidence to support such findings. * * * Finally, where a trial court has found the existence of frivolous conduct, the decision to assess or not to assess a penalty lies within the sound discretion of the trial court. The language of R.C. 2323.51(B)(1) unequivocally vests the trial court with such discretion[.]" Wiltberger v. Davis (1996), 110 Ohio App.3d 46, 51-52. (Emphasis sic.)
As a preliminary matter, former R.C. 2323.51(B)(1) provided that "* * * at any time prior to the commencement of the trial in a civil action or within twenty-one days after the entry of judgment in a civil action * * * the court may award court costs, reasonable attorney's fees, and other reasonable expenses incurred in connection with the civil action or appeal to any party to the civil action or appeal who was adversely affected by frivolous conduct. * * *" In the trial court, Willison argued the trial court lacked jurisdiction because it did not award attorney fees within twenty-one days after its entry of judgment. As this court noted in Justice v. Lutheran Social Serv. of Cent. Ohio (1992),79 Ohio App.3d 439 "* * * we construe R.C. 2323.51(B)(1) as requiring that only the motion for an award of reasonable attorney fees must be filed within twenty-one days after the judgment." Id. at 444, jurisdictional motion overruled (1993), 65 Ohio St.3d 1421. Because Velie met the filing deadline, the trial court properly considered Velie's claim.
Here, although the trial court's decision discussed Willison's conduct, the trial court made no express finding that Willison engaged in frivolous conduct, as defined in former R.C. 2323.51(A)(2). Specifically, the trial court did not determine that Willison filing the present action, asserting claims in it, or attempting service on Velie obviously served merely to harass or maliciously injure Velie, or that they were not warranted under existing law or could not be supported by a good faith argument for an extension, modification, or reversal of existing law. See Lable Co. v. Flowers (1995), 104 Ohio App.3d 227,232-233 ("An analysis of a claim under the frivolous conduct statute requires a determination of `whether an action taken by the party to be sanctioned constitutes "frivolous conduct," and * * * what amount, if any, of reasonable attorney fees necessitated by the frivolous conduct is to be awarded to the aggrieved party.'" (Citations omitted.)
Moreover, the record does not reflect that Willison's failed efforts at service of process were designed merely to harass or maliciously injure Velie. However inartful Willison's attempts at service may have been, Velie could have chosen to do nothing in response, waiting instead for valid service of process. Willison's failure to achieve service did not harass or maliciously injure the unserved Velie.
Rather, the potential here for sanctions was Willison representing to the court, through Krukowski's affidavit, that service had been accomplished when in fact it was deficient, and failing to correct the misrepresentation on learning of the error. As a result of that action, Velie was prompted to file motions to dismiss and affidavits. While Willison's actions in failing to correct a misrepresentation may suggest ineptitude, lack of diligence, and unfamiliarity with the need to correct misstatements to the court, they possibly may also suggest conduct designed to harass Velie by forcing him to extricate himself from the false representations of service. Resolution of that issue requires the trial court to assess Willison's conduct and purpose in failing to correct the misrepresentation made to the court, and then to find accordingly. Although the trial court's decision purports to set forth the basis for its ruling, it fails to include any findings supporting either side of the noted issue, rendering problematic any determination of the propriety of sanctions under R.C. 2323.51.
Nonetheless, under Loc.R. 39.05(C) and (D) of the Franklin County Court of Common Pleas, the trial court had authority to sanction Willison for his failure to designate the second action as a re-filed case as required by Loc.R. 31.01. Sanctions in the amount of $11,580.50, however, are not justified for Willison's failure to designate the second action as a re-filed case. Should the court find a violation of R.C. 2323.51, as discussed, then an award in excess of the amount warranted for violation of Loc.R. 31.01 may be appropriate. Nonetheless, given our discussion of Willison's first assignment of error and the support for the various grounds for imposing sanctions, we conclude that a sanction under Civ.R. 11 is not supported by the evidence, the trial court failed to make the necessary findings to support a sanction under R.C. 2323.51, and the sanction imposed exceeds that appropriate for a violation of Loc.R. 31.01. Accordingly, we sustain the first assignment of error to the extent indicated.
In his second assignment of error, Willison contends the trial court erred by awarding $11,580.50 in attorney fees that were not a direct, identifiable result of Velie's defense of Willison's alleged frivolous conduct. As noted, to the extent the trial court sanctioned Willison pursuant to Civ.R. 11, the court erred. Moreover, the amount of the sanction imposed exceeds that appropriate for a violation of Loc.R. 31.01. Because the matter of sanctions under R.C. 2323.51 is yet to be determined, we decline to address further the issue of the amount of sanctions warranted under R.C. 2323.51. App.R. 12(A). We note, however, that at least some of the attorney fees sought to be recovered appear unrelated to the narrow focus of Willison's potentially frivolous conduct, as a party that seeks attorney fees must affirmatively demonstrate the fees were incurred as a direct, indentifiable result of defending the frivolous conduct. Wiltberger, supra; see, also, Fenley v. Bowman (Apr. 17, 2000), Athens App. No. 99CA51, unreported.
Having sustained Willison's first assignment of error to the extent indicated, rendering Willison's second assignment of error moot, we reverse the judgment of the trial court and remand this matter for further proceedings consistent with this opinion.
BOWMAN and PETREE, JJ., concur.