[Cite as *Smith-Kadey, L.L.C. v. Companions of Ashland, L.L.C.*, 2018-Ohio-3753.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| SMITH-KADEY, LLC, ET AL. | JUDGES:<br>Hon. W. Scott Gwin, P.J. |
| Plaintiffs-Appellants | Hon. William B. Hoffman, J.<br>Hon. Patricia A. Delaney, J. |
| -vs- | |
| | Case No. 18-COA-008, |
| COMPANIONS OF ASHLAND, LLC | 18-COA-009 |
| Defendant-Appellee | O P I N I O N |

CHARACTER OF PROCEEDING:  Appeal from the Ashland Municipal Court, Case No's. 16CVG00248, 16CVG00249

JUDGMENT:  Affirmed

DATE OF JUDGMENT ENTRY:  September 12, 2018

APPEARANCES:

For Plaintiffs-Appellants

KATHRYN M. EYSTER
165 W. Main Street
Shelby, OH 44875

For Defendant-Appellee

ROBERT DESANTO
432 Center Street
Ashland, OH 44805

*Hoffman, J.*

**{¶1}** Appellants Smith-Kadey, LLC and Jerry Smith appeal the judgment entered by the Ashland Municipal Court awarding Appellee Companions of Ashland, LLC attorney fees and costs in the amount of $17,977.00.

<u>STATEMENT OF THE FACTS AND CASE</u>

**{¶2}** Tiffany Behrendsen is the owner of Appellee. Appellant Jerry Smith is part owner of Appellant Smith-Kadey, LLC. From 2004 to 2012, Behrendsen was employed by Smith, working for his businesses and assisting in the administration of nursing homes. While employed by Smith, Behrendsen started her own separate business, Appellee in the instant case.

**{¶3}** Appellee leased space from Appellants in two locations in Ashland. Appellee expanded to Mansfield, leasing space in a building owned and managed by Smith.

**{¶4}** Smith has an interest in a business named "Care Companions of Ohio," which provides similar services to Appellee, training nurse's aides. Initially Smith and Behrendsen had an amicable business relationship, exchanging clients their businesses were unable to serve, with Appellee sending nurse's aides to complete clinicals at nursing homes operated by Smith.

**{¶5}** Behrendsen left her employment with Smith in 2012, to focus solely on operating Appellee. Thereafter, Smith considered Appellee to be a competitor which threatened his businesses.

**{¶6}** Appellee stopped sending nurse's aide trainees for clinicals in Smith's nursing homes. Smith became upset with Behrendsen, threatening, "I have more money

than you, you do not want to go down this road, you will be sorry if you do." He demanded she fire the employee who recommended Appellee no longer send trainees to Smith's facilities. Behrendsen declined to fire the employee.

{¶7} Smith pressured Behrendsen to eliminate the word "Companions" from her business name, despite the fact the word is frequently used in names of home health care businesses. Smith told her if she would stop using "Companions" in her business name, "we'll make 'this' all go away."

{¶8} Smith harassed Behrendsen and Appellee for at least four years with phone calls, text messages, and lawsuits, and by interfering with her business relationships. Because of Smith's conduct, Appellee vacated the property in Mansfield. At the time she signed the lease in Mansfield, Smith assured her it was identical to the leases she previously signed in Ashland. However, the Mansfield lease included a vague non-compete clause in an attempt to restrict Appellee from competing with Smith's businesses. A lawsuit ensued in Richland County wherein Smith and his wife sued Behrendsen. The Richland County Common Pleas Court found the non-compete clause invalid. Ultimately the case was settled and dimissed.

{¶9} In September of 2013, Smith served a three-day eviction notice on Appellee for one of the Ashland properties. The notice did not mention unpaid rent as the basis for the eviction, and ultimately Appellants did not pursue the eviction.

{¶10} On March 15, 2016, Appellants served on Appellee notice to leave the premises as to both Ashland properties. The notice gave non-payment of rent for eight months, totaling $20,088.00, as the reason for the eviction. Evictions actions were filed as to both leased properties on March 22, 2016.

{¶11} Appellee supplied proof of rent payments for several of the months in question, which Appellants refused to acknowledge. Appellants did not amend their complaints, and continued to pursue both actions. Appellee could not produce records demonstrating it had paid rent for three of the months in question: December 2008, July 2009, and October 2009. Smith waived rent for December of 2008, as it was Appellee's first month in business. The parties stipulated rent was unpaid for July and October of 2009, in the total amount of $5,000.00.

{¶12} Following a hearing before a magistrate in the Ashland Municipal Court, the magistrate found Appellants waived the three-day notice to vacate by accepting rent payments following service of the notice. The magistrate recommended the eviction actions be dismissed, Appellants be granted judgment for two months rent as stipulated by the parties, the claim for delinquent rent for December of 2008 be dismissed, Appellee's counterclaim for unfair competition be dismissed, and Appellee's request for attorney fees be heard if properly brought before the court. Neither party objected to the decision of the magistrate, and the court entered judgment in accordance with the magistrate's decision.

{¶13} Appellee filed a motion for attorney fees and cost for frivolous conduct. After a hearing before the magistrate, the magistrate found Appellants' eviction actions were based on a factual contention which had no evidentiary support and were not warranted under existing law. The magistrate found Appellants' conduct in filing factually untrue allegations, seeking forfeiture after clear waiver, and attempting to terminate the lease was motivated by an improper purpose to unfairly destroy, damage or harass Appellee. The magistrate determined Appellee met its burden of proof to demonstrate Appellants'

subjective intent was to annoy, harass, and maliciously injure Appellee. Accordingly, the magistrate found Appellants' conduct was frivolous under R.C. 2323.51, justifying an award of attorney fees. The magistrate found Appellee is entitled to an award of fees in the amount of $8,250.00 to Attorney Lang and in the amount of $6,730.00 to Attorney De Santo, and Appellee further was entitled to reimbursement from Appellants for the expense of transcribing the trial transcript in the amount of $2,997.00.

{¶14} Appellants filed objections to the magistrate's decision. The court overruled all objections and entered judgment in accordance with the magistrate's decision.

{¶15} It is from the January 16, 2018 judgment of the court Appellants prosecute their appeal, assigning as error:


THE TRIAL COURT ERRED IN FINDING PLAINTIFFS' CONDUCT

TO BE FRIVOLOUS AND AWARDING ATTORNEY FEES AND COST.


{¶16} Appellants first argue the court erred in hearing both cases, and all causes of action together, rather than bifurcating the forcible entry and detainer actions from the claims for unpaid rent.

{¶17} R.C. 1923.081 provides:


A trial in an action for forcible entry and detainer for residential premises, other than an action against a deceased resident of a manufactured home park, or for a storage space at a self-service storage

facility, as defined in division (A) of section 5322.01 of the Revised Code, pursuant to this chapter may also include a trial on claims of the plaintiff for past due rent and other damages under a rental agreement, unless for good cause shown the court continues the trial on those claims. For purposes of this section, good cause includes the request of the defendant to file an answer or counterclaim to the claims of the plaintiff or for discovery, in which case the proceedings shall be the same in all respects as in other civil cases. If, at the time of the trial, the defendant has filed an answer or counterclaim, the trial may proceed on the claims of the plaintiff and the defendant. A plaintiff who is a park operator may seek a judgment for past due rent and other damages under a rental agreement against a deceased manufactured home park resident in a separate civil action for damages.

{¶18} Appellants argue the court should have proceeded in a summary nature on their claim for eviction, citing *Smith v. Wright,* 65 Ohio App. 2d 101, 416 N.E.2d 655 (8th Dist. Cuyahoga 1979) and *Haney v. Roberts,* 130 Ohio App. 3d 293, 720 N.E.2d 101 (4th Dist. Scioto 1998) for the proposition while R.C. 1923.081 permits joinder of forcible entry and detainer actions with related actions for damages, such joinder was not intended to alter the summary nature of forcible entry and detainer actions.

{¶19} However, the record is devoid of any objection to the proceeding employed by the trial court.  Further, Appellants failed to file objections to the magistrate's report of March 24, 2017, which disposed of the underlying claims for eviction and rent, and has therefore waived any claim of error on appeal.  Civ. R. 53(D)(3)(b)(iv).

{¶20} Appellants next argue the award of fees was not properly itemized as to the separate causes, and further the fees were not specifically identifiable as the result of the frivolous conduct.

{¶21} On several occasions, Appellants indicated to the court they would stipulate to fees as demonstrated by invoices from the attorneys involved in the case. Tr. (7/25/17) 5-7, 111-113. The doctrine of invited error provides "a party is not permitted to take advantage of an error that he himself invited or induced the court to make." *Bd. of Clark Cty. Commrs. v. Newberry,* 2nd Dist. Clark No. 2002–CA–15, 2002-Ohio-6087, at ¶ 16, quoting *Davis v. Wolfe*, 92 Ohio St.3d 549, 552, 751 N.E.2d 1051 (2001). By stipulating to fees at the hearing, Appellants have not only waived any error, they invited the court to award fees based on the affidavits and invoices submitted by Attorneys Lang and DeSanto. We note the court did not award the full amount of fees set forth in the invoices. Findings of Fact 76-79.

{¶22} Finally, Appellants argue the court erred in finding their conduct frivolous because Appellee stipulated to owing back rent in the amount of $5,000. They further argue again the court erred in hearing all causes of actions concurrently and mixing the cases, while at the same time arguing "[t]here was no delay in the cases or a needless increase in the cost of litigation since the trial court heard all causes of action together."

{¶23} R.C. 2323.51(A)(2)(a) defines frivolous conduct:

> (2) "Frivolous conduct" means either of the following:
>
> (a) Conduct of an inmate or other party to a civil action, of an inmate who has filed an appeal of the type described in division (A)(1)(b) of this

section, or of the inmate's or other party's counsel of record that satisfies any of the following:

(i) It obviously serves merely to harass or maliciously injure another party to the civil action or appeal or is for another improper purpose, including, but not limited to, causing unnecessary delay or a needless increase in the cost of litigation.

(ii) It is not warranted under existing law , cannot be supported by a good faith argument for an extension, modification, or reversal of existing law, or cannot be supported by a good faith argument for the establishment of new law.

(iii) The conduct consists of allegations or other factual contentions that have no evidentiary support or, if specifically so identified, are not likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

(iv) The conduct consists of denials or factual contentions that are not warranted by the evidence or, if specifically so identified, are not reasonably based on a lack of information or belief.

{¶24} The initial decision of whether a party's conduct is frivolous is a factual determination, particularly if the alleged conduct was intended to harass or maliciously injure. *Ceol v. Zion Indus., Inc.,* 81 Ohio App.3d 286, 291, 610 N.E.2d 1076, 1078–1079 (1992). Because the trial judge has the benefit of observing the course of proceedings and is familiar with the parties and attorneys involved, a reviewing court is obligated to

defer to the trial court's findings that one party harassed or injured another. *Id*. at 292, 610 N.E.2d at 1079–1080.

{¶25} The magistrate specifically found, as noted by the trial court, the testimony of Behrendsen and other witnesses who testified on behalf of Appellee to be credible, while finding the testimony of Appellant Smith to lack credibility. The decision of the magistrate on the underlying action, which as noted above Appellants failed to object to, was incorporated into the magistrate's decision in the instant case. In that decision the court found Appellants waived the forcible entry and detainer action by accepting rent for a period of eight years after the alleged violation of the lease agreement for non-payment of rent. The court further found Appellants could have sued Appellee for the $5,000 due in back rent without filing eviction actions. Following the hearing on frivolous conduct, the court found Appellants' claims for eight months of unpaid rent were false, as they had no records to support their claims, while Appellee was able to prove payment of five month's rent and waiver of an additional month's rent. The court further found Appellants conduct in filing factually untrue allegations and seeking forfeiture after clear waiver was motivated by an improper purpose to destroy, damage, or harass Appellee and Behrendsen. The court found Appellants' purpose was to destroy Appellee's ability to fairly compete.

{¶26} We find no error in the finding Appellants engaged in frivolous conduct. Appellants do not argue the court's finding they harassed or injured Appellee is unsupported by the evidence. The eviction action was clearly waived by acceptance of rent. Further, while claiming Appellee owed rent for eight months, Appellants had no records to support their claim. While the parties ultimately stipulated to two months back rent due, the evidence throughout the case supports the court's conclusion the instant

action was an attempt to harass Appellee and Behrendsen in order to prevent Appellee from competing with Appellants' own businesses.   The assignment of error is overruled. The judgment of the Ashland Municipal Court is affirmed.


By: Hoffman, J.

Gwin, P.J.  and

Delaney, J. concur