SLABINSKI ET AL., APPELLANTS, *v.* SERVISTEEL HOLDING CO. ET AL., APPELLEES.

(No. 4052 — Decided December 31, 1986.)

---

[1] Although Servisteel denoted the counterclaim as one for abuse of process, the claim was more properly a claim for

*Andrew P. Krembs* and *Joel Levin,* for appellants.

*David H. Shaffer* and *James L. Bickett,* for appellees.

QUILLIN, J. Plaintiffs and their counsel appeal the order of the trial court awarding defendants attorney fees and expenses arising from plaintiffs' improper act of causing the trial court to erroneously dismiss the action. We affirm.

Steven Slabinski and his wife ("plaintiffs") brought an action against Steven's employer, Servisteel Holding Co. and Servisteel Corp. ("Servisteel") for injuries Steven sustained while working for Servisteel. Servisteel filed a counterclaim stating that plaintiffs' claims were made in bad faith and that the suit was instigated without any factual basis so as to constitute an "abuse of process."[1]

Servisteel moved for summary judgment on plaintiffs' tort claims. Four days before the hearing scheduled on the motion for summary judgment, counsel for plaintiffs prepared and submitted to the trial court for signature a journal entry dismissing the case and apportioning costs. Counsel for plaintiffs did not advise the court that there was a pending counterclaim; they did not notify Servisteel of their request for dismissal; nor did they notify defendants that the case had been dismissed. The trial judge signed the journal entry. Defen-

malicious prosecution. See *Clermont Environmental Reclamation Co.* v. *Hancock* (1984), 16 Ohio App. 3d 9, 11, 16 OBR 9, 11-12, 474 N.E. 2d 357, 361-363. Servisteel's counterclaim should not be confused with the trial court's finding of abuse of process.

dants, with out-of-town counsel, appeared for the scheduled hearing on the motion for summary judgment only to learn of the erroneous *ex parte* dismissal.

Servisteel promptly filed a motion for relief from judgment and then, as appeal time was about to expire, filed a notice of appeal. Plaintiffs, rather than expediting the reinstatement of the counterclaim, sought an extension of time to oppose it. We remanded and the trial court granted Servisteel relief from judgment, reinstating the counterclaim.

The trial court suggested that there was an "abuse of process" because of the improperly induced *ex parte* dismissal. The trial court directed Servisteel to prepare an itemization of fees and expenses incurred as a result of the improper dismissal and to present the motion for fees at a subsequent hearing. In a supplemental journal entry, the trial court found Servisteel's request for attorney fees to be reasonable and proper and awarded Servisteel judgment based on the finding that the *ex parte* dismissal was an abuse of process.

Plaintiffs appeal the trial court's finding that causing the *ex parte* dismissal was an abuse of process by plaintiffs and the award of attorney fees and expenses. Plaintiffs do not question the amount of fees but only whether any at all could be awarded.

Plaintiffs mistakenly regard the trial court's finding that their causing an erroneous *ex parte* dismissal was an abuse of process as a determination on the merits of Servisteel's counterclaim. The order in question, however, is independent of the merits of the original action and is valid under the inherent powers of the court. Courts of general jurisdiction possess inherent power to do all things necessary to the administration of justice and to protect their own powers and processes. *State,*

*ex rel. Johnston,* v. *Taulbee* (1981), 66 Ohio St. 2d 417, 20 O.O. 3d 361, 423 N.E. 2d 80; *State, ex rel. Pfeiffer,* v. *Common Pleas Court* (1968), 13 Ohio St. 2d 133, 42 O.O. 2d 362, 235 N.E. 2d 232; see, generally, 22 Ohio Jurisprudence 3d (1980) 375-376, Courts and Judges, Section 247; and 20 American Jurisprudence 2d (1965) 439-441, Courts, Sections 78-79.

In *Hale* v. *State* (1896), 55 Ohio St. 210, 213, 45 N.E. 199, 200, the Ohio Supreme Court explained:

"The difference between the jurisdiction of courts and their inherent powers is too important to be overlooked. In constitutional governments their jurisdiction is conferred by the provisions of the constitutions and of statutes enacted in the exercise of legislative authority. That, however, is not true with respect to such powers as are necessary to the orderly and efficient exercise of jurisdiction. Such powers, from both their nature and their ancient exercise, must be regarded as inherent. They do not depend upon express constitutional grant, nor in any sense upon the legislative will. The power to maintain order, to secure the attendance of witnesses to the end that the rights of parties may be ascertained, and to enforce process to the end that effect may be given to judgments, must inhere in every court or the purpose of its creation fails. Without such power no other could be exercised."

Infrequently, but consistently, Ohio courts have relied upon the inherent powers of courts to do those things necessary for the preservation of judicial powers and processes. These inherent powers include the power to prevent abuse committed by counsel upon the court's processes.

The evidence is uncontroverted that plaintiffs did not inform the court that a counterclaim was pending nor did plaintiffs notify Servisteel of their

request for dismissal. Even after the erroneous dismissal of the counterclaim, plaintiffs did not facilitate its reinstatement. In the brief filed with this court, plaintiffs' counsel took the astounding position that they had done nothing wrong, but rather it was the trial judge who should have known better than to approve their proposed order without first checking the files to see if it was proper. To their credit, at oral argument, counsel conceded that they, and not the trial judge, were to blame.

It has been agreed by counsel that if the judgment is to stand it should be against plaintiffs' counsel only and not against plaintiffs.

Based on the record before us the trial court did not abuse its discretion in invoking its inherent power to protect its processes and carry out the due administration of justice.

The judgment is affirmed as modified by agreement.

*Judgment accordingly.*

BAIRD, J., concurs.

MAHONEY, P.J., concurs in judgment only.

MAHONEY, P.J., concurring in judgment only. I concur in the judgment only. I believe that the best way for a court to deal with situations such as this is for the court to utilize its inherent contempt power. From a reading of the journal entries of March 17 and May 22, 1986, I am not certain of the trial court's theoretical basis for its decision to award attorney fees and expenses. However, I am satisfied that the court's action was proper and just for this obstruction of justice and that due process was afforded the attorneys involved. Civ. R. 61.

I would modify the award to deduct those fee hours attributable to

the motion to dismiss the counterclaim. It was a meritorious motion to a counterclaim that I personally feel raises issues as to whether it was frivolous and vexatious.