DECISION AND JOURNAL ENTRY
Appellant, Chrysler Corporation ("Chrysler"), appeals the Summit County Court of Common Pleas' imposition of sanctions in the amount of $5,000.00. We affirm.
On September 15, 1997, Hollie Latson, appellee, filed a complaint against Chrysler, alleging that Chrysler had violated Ohio's "lemon law," breached warranties, and committed deceptive trade practices.[1] After significant discovery, the parties reached a settlement agreement on September 18, 1998, wherein Chrysler agreed to pay to Ms. Latson the sum of $8,999.99 and to provide her with a new automobile. However, Chrysler failed to comply with the terms of the settlement agreement, as it did not deliver either the car or the money. Ms. Latson's attorney wrote several letters to Chrysler's counsel in an effort to effectuate the settlement.
Approximately four months after the parties agreed to the settlement terms, Ms. Latson filed a motion to enforce the settlement, on January 5, 1999. In her motion, Ms. Latson requested, in part, attorney fees and costs, arising from Chrysler's refusal to adhere to the settlement agreement. The trial court held a hearing on February 1, 1999, and later journalized an order requiring Chrysler to deliver to Ms. Latson's counsel a valid check in the amount of $8,999.99 and the vehicle, on or before February 8, 1999. In its order, the trial court further admonished that "[f]ailure by Defendants to comply with this Court Order shall be punishable by contempt, and shall include the imposition of sanctions against Defendant Chrysler Corporation." Nevertheless, Chrysler failed to provide the requisite settlement check to Ms. Latson's counsel by February 8, 1999 as ordered by the trial court. Consequently, on February 9, 1999, Ms. Latson's counsel faxed Chrysler a letter informing it that she would be submitting an order to the trial court requesting sanctions. She also faxed Chrysler a copy of the proposed order. Subsequently, Chrysler filed a brief in opposition to the sanctions. On February 11, 1999, the trial court issued an order for sanctions, ordering Chrysler to deliver to Ms. Latson's counsel a check in the amount of $5,000.00, which included reasonable attorney fees. This appeal followed.
Chrysler raises one assignment of error:
 AT THE TRIAL COURT ERRED BY ORDERING APPELLANT TO PAY $5,000 IN SANCTIONS.
 Chrysler avers that the trial court erred by failing to follow the mandates of R.C. 2705 et seq., which covers contempt proceedings. Chrysler further contends that "[a]ssuming, arguendo, that the award of attorneys' fees is proper, the amount of the award is unreasonable, and is not supported by competent, credible evidence." These arguments are without merit.
The Supreme Court has consistently recognized that courts possess the inherent power to do all things necessary to the administration of justice and to protect their own powers and processes. Zakany v. Zakany (1984), 9 Ohio St.3d 192, 194; see, also, Slabinski v. Servisteel Holding Co. (1986), 33 Ohio App.3d 345,346 "Such inherent power includes the authority to punish the disobedience of the court's orders with contempt proceedings."Zakany, 9 Ohio St.3d at 194. "Contempt of court is defined as disobedience of an order of a court * * * which brings the administration of justice into disrespect, or which tends to embarrass, impede or obstruct a court in the performance of its functions." Windham Bank v. Tomaszczyk (1971), 27 Ohio St.2d 55, paragraph one of the syllabus. The purpose of sanctions in a civil contempt proceeding is to coerce the offending party to comply with the lawful orders of the court. Denovchek v. Bd. ofTrumbull Cty. Commrs. (1988), 36 Ohio St.3d 14, 16-17.
In indirect contempt proceedings, certain statutory procedures must be followed. Cincinnati v. Cincinnati Dist.Council 51 (1973), 35 Ohio St.2d 197, 202. R.C. 2705.03 sets forth this procedure and requires that the person accused of contempt be given notice and a hearing. Regarding notice, R.C.2705.03 states in relevant part: "a charge in writing shall be filed with the clerk of the court, an entry thereof made upon the journal[.]" Further, "[n]otice which apprises the defendant of the nature of the charge against him so that he may prepare a defense is sufficient to comply with the requirements of R.C.2705.03." Cincinnati, 35 Ohio St.2d at paragraph two of the syllabus.
In the present case, we find that the trial court complied with the procedural mandates of R.C. 2705.03 and did not err in finding Chrysler guilty of contempt. Here, the trial court warned Chrysler (both orally and in writing) that if it did not comply with the court's order enforcing the settlement terms, it would be held in contempt and sanctioned accordingly. Further, Ms. Latson's counsel faxed Chrysler a letter and proposed order, notifying Chrysler that Ms. Latson was seeking sanctions for Chrysler's failure to comply with the court's order. These warnings were clearly sufficient to apprise Chrysler of the charge of contempt against it and to enable it to prepare a defense. Moreover, Chrysler had the opportunity to explain its reasons for not complying with both the settlement and the court order. Hence, we cannot conclude that the trial court failed to comply with the procedural requirements of R.C. 2705.03.
Next, Chrysler argues that the trial court abused its discretion in awarding $5,000.00 to Ms. Latson, as the amount exceeds the prescribed statutory maximum fine of $250.00 for a first contempt offense. See R.C. 2705.05(A)(1). Although the legislature may prescribe the procedure in indirect contempt cases, "the power to punish for contempt has traditionally been regarded as inherent in the courts and not subject to legislative control." Cincinnati, 35 Ohio St.2d at 207; see Zakany,9 Ohio St.3d at 194; Moraine v. Steger Motors, Inc. (1996), 111 Ohio App.3d 265,269; State v. Christon (1990), 68 Ohio App.3d 471,475; Slabinski, 33 Ohio App.3d at 346. Moreover, "[a] trial court has discretion to include reasonable attorney fees as a part of costs taxable to a defendant found guilty of civil contempt."State ex rel. Fraternal Order of Police v. Dayton (1977), 49 Ohio St.2d 219, syllabus. An abuse of discretion is more than an error of judgment, but instead demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v.Ohio State Med. Bd. (1993), 66 Ohio St.3d 619, 621. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Id.
In the case sub judice, we find that the trial court did not err in ordering Chrysler to pay $5,000.00 in sanctions and attorney fees for Chrysler's failure to comply with the trial court's order and refusal to adhere to the settlement agreement. As a preliminary matter, we note that it is well established that a settlement agreement voluntarily entered into cannot be repudiated by either party and will be summarily enforced by the court. Spercel v. Sterling Industries (1972), 31 Ohio St.2d 36,
40. Here, Chrysler agreed to settle the case with Ms. Latson in September of 1998. However, Chrysler did not deliver the settlement check and the new vehicle to Ms. Latson until February of 1999 — nearly five months later — and then only after repeated attempts by Ms. Latson's counsel to effectuate the settlement agreement and the trial court's strong admonishments to comply. In light of the present facts, we find that the trial court acted entirely within its authority and did not abuse its discretion in awarding $5,000.00 in sanctions and attorney fees against Chrysler.
Accordingly, Chrysler's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ________________________ WILLIAM G. BATCHELDER
FOR THE COURT WHITMORE, J. CONCURS.
[1] Ms. Latson's complaint also named Spitzer Akron, Inc. as a defendant; however, Spitzer Akron, Inc. is not a party to the present appeal.