OPINION
Plaintiff-appellant, Betty Wallace, appeals from a judgment of the Franklin County Court of Common Pleas dismissing her case for want of prosecution.
By complaint filed on May 24, 1999, plaintiff alleged that on May 25, 1997, she was a passenger in an automobile driven by Lisa Igel when defendant-appellee, Lavaugn C. Hawkins, negligently crashed into the back of Igel's automobile. As a result of the accident, plaintiff alleges she sustained severe and permanent injuries, incurred medical bills and lost wages, and suffered a permanent impairment of her earning capacity. Plaintiff demanded judgment in the amount of $212,055.97, plus costs and interest.
On June 21, 1999, plaintiff's attorney received notice that service of process had failed because Lavaugn Hawkins was deceased. Accordingly, on October 15, 1999, plaintiff filed a motion pursuant to Civ.R. 25(A)(1), seeking to substitute as defendant the Estate of Hawkins ("Estate"), which had yet to be established. On November 10, 1999, the trial court granted plaintiff's motion for substitution of parties, and by decision and entry filed on November 12, 1999, instructed plaintiff to prepare the proper entry for substitution of parties.
On March 23, 2000, the trial court filed a notice, noting that four months had passed since the last action on the case and plaintiff still had failed to file the entry of substitution of parties as the court had ordered. The trial court stated plaintiff's case would be dismissed for want of prosecution on or about April 7, 2000.
By letter filed March 30, 2000, plaintiff informed the trial judge that service of process had not yet been completed because the Estate had not yet been established. Plaintiff requested the case be rescheduled. On April 14, 2000, the trial court replied to the letter by filing a second notice of intent to dismiss, indicating the case had been pending for almost a year and would be dismissed for want of prosecution on or about April 24, 2000.
On April 21, 2000, plaintiff filed a motion to delay dismissal for want of prosecution. As an initial matter, plaintiff noted the complaint was filed on May 24, 1999, and that under Civ.R. 3(A), plaintiff had one year to obtain service of process from the date the complaint was filed. Plaintiff thus argued the case should not be dismissed until May 24, 2000, at the earliest. Plaintiff further informed the trial court of the progress made in establishing the Estate. The trial court granted plaintiff's motion on May 9, 2000, stating plaintiff had until May 24, 2000, to serve the fiduciary of the Estate. The court concluded by stating that if service was not perfected by May 24, 2000, the case would be dismissed for want of prosecution.
By letter dated May 19, 2000, plaintiff informed the court that on May 18, 2000, the Estate had been established, and Naren Biswas had been appointed Special Administrator for the Estate. The letter included a copy of an amended complaint naming the Estate as defendant, and it indicated that Biswas waived service. The letter concluded by noting that service had been perfected within the time allotted by Civ.R. 3(A) and thus the case was set to proceed.
On May 31, 2000, the trial court filed a journal entry dismissing plaintiff's case for want of prosecution. The court stated that plaintiff had been ordered on two occasions to prepare an entry on the substitution of parties. Noting that no entry was ever prepared, the court concluded the Estate is not a party to the action and could not be properly served. Moreover, the court found plaintiff's attempt to file an amended complaint without leave of court ineffective and treated the amended complaint as though it had never been filed. Finally, the court imposed a $200 fine on plaintiff's counsel for wanton disregard of the court's orders. Plaintiff appeals, assigning the following errors:
 I. THE TRIAL COURT ERRED BY DISMISSING THE CASE IN QUESTION FOR LACK OF PROSECUTION.
 II. THE TRIAL COURT ERRED WHEN IT TREATED APPELLANTS AMENDED COMPLAINT AS IF IT HAD NEVER BEEN FILED, WHEN SAID AMENDED COMPLAINT WAS PROPERLY AND TIMELY FILED.
 III. THE TRIAL COURT ERRED WHEN IT FOUND THAT COUNSEL FOR APPELLANT HAD WANTONLY DISREGARDED THE COURT'S ORDER, AND IMPOSED SANCTIONS ON COUNSEL FOR APPELLANT.
Plaintiff's first and second assignments of error are interrelated and will be discussed jointly. In them, plaintiff contends the trial court abused its discretion in dismissing plaintiff's case for want of prosecution. "The power to dismiss for lack of prosecution is within the sound discretion of the trial court, and appellate review is confined solely to whether the trial court abused that discretion." Pembaur v.Leis (1982), 1 Ohio St.3d 89, 91.
The trial court dismissed plaintiff's case pursuant to Civ.R. 41(B)(1), apparently due to (1) plaintiff's failure to comply with its order of November 10, 1999, and (2) plaintiff's failure to perfect service within the one-year time period provided by Civ.R. 3(A). The court may have viewed the two issues as inextricably intertwined, possibly concluding that since the entry of substitution was never filed, service could not be perfected on the Estate which was not a party to the action.
To the extent that the trial court dismissed the case because plaintiff failed to perfect service of process within the time allotted under Civ.R. 3(A), the trial court erred. The original complaint was filed on May 24, 1999. Pursuant to Civ.R. 3(A), plaintiff had one year to perfect service of process. On May 18, 2000, plaintiff filed an amended complaint, naming the Estate in place of Lavaugn C. Hawkins. On the same date, the Estate waived service of process. Consequently, service was perfected within the time allotted under Civ.R. 3(A).
Although the amended complaint was filed without leave of court, court permission was unnecessary under Civ.R. 15(A), which provides that "A party may amend his pleading once as a matter of course at any time before a responsive pleading is served * * *." Due to the named defendant's death, no responsive pleading had been served. Consequently, plaintiff could amend her complaint without leave of court.
The Estate, however, contends plaintiff could perfect service only under the procedures set forth in Civ.R. 25(A)(1). Plaintiff complied with every requirement of Civ.R. 25(A)(1), and her motion was granted. Plaintiff, of course, never filed an entry following the court's decision, and therein lies the origin of the procedural complexities at issue. Nonetheless, Civ.R. 25(A)(1) is not an exclusive avenue for the substitution of the parties in this case. Because plaintiff had the option of filing an amended complaint, she could proceed by either method to name the Estate as a defendant to the action. As a result, even if plaintiff's pursuing an amended complaint potentially may raise issues which could have been avoided by filing the entry the trial court ordered under Civ.R. 25, we cannot say plaintiff was precluded from filing an amended complaint under Civ.R. 15.
To the extent the trial court may have dismissed plaintiff's case for failure to comply with the court's order, the trial court erred under the circumstances of this case. While the court ordered plaintiff to prepare an entry substituting the parties, the function of the order was to allow the Estate to be made a party and then be served. Plaintiff accomplished that same objective by filing an amended complaint. As a result, the purpose behind the trial court's orders was met, even if not by the route the trial court envisioned. We do not suggest plaintiff's failure to file the appropriate entry is to be disregarded. Rather, the sanction of dismissal was excessive under the circumstances. See Loc.R. 25.02 ("If counsel fails to present any entry within 20 days after the decision, order, decree, or judgment is rendered, the Trial Judge shall cause the proper entry to be prepared and filed without submission or notice to counsel or take such other action as may be appropriate under the circumstances").
For the foregoing reasons, plaintiff's first and second assignments of error are sustained to the extent indicated.
Plaintiff's third assignment of error contends the trial erred by imposing sanctions of $200 on plaintiff's counsel for wanton disregard of the court's order to prepare an entry for substitution of parties. The decision to impose sanctions lies within the sound discretion of the trial court, and will not be overturned on appeal absent an abuse of discretion. State ex rel. Fant v. Sykes (1987), 29 Ohio St.3d 65.
"Courts of general jurisdiction possess inherent power to do all things necessary to the administration of justice and to protect their own powers and processes." Slabinski v. Servisteel Holding Co. (1986),33 Ohio App.3d 345. "The power to maintain order, to secure the attendance of witnesses to the end that the rights of parties may be ascertained, and to enforce process to the end that effect may be given to judgments, must inhere in every court or the purpose of its creation fails. Without such power no other could be exercised." Id., quoting Halev. State (1896), 55 Ohio St. 210, 213. The "inherent powers include the power to prevent abuse committed by counsel upon the court's processes."Slabinski, supra.
While the trial court's entry is somewhat unclear in delineating whether the court's orders were premised on R.C. 2323.51, Civ.R. 11, or the court's inherent power, the trial court nonetheless had the inherent power to impose a fine in the circumstances, apart from the power reflected in R.C. 2323.51 or Civ.R. 11. Moreover, the fine of $200 is not out of proportion to the abuse the fine sought to address. Accordingly, the trial court did not abuse its discretion in imposing a $200 fine of plaintiff's counsel. Plaintiff's third assignment of error is overruled.
Having overruled plaintiff's third assignment of error, but having sustained plaintiff's first and second assignments of error to the extent indicated, we affirm in part and reverse in part the judgment of the trial court and remand for further proceedings consistent with this opinion.
 ____________ BRYANT, P.J.
BOWMAN and BROWN, JJ., concur.