{¶ 42} I must respectfully dissent from the majority in their conclusion that this case must be reversed and remanded for imposition of sanctions.
 {¶ 43} We review the trial court's denial of a motion for sanctions under an abuse-of-discretion standard. See, e.g., Ceol v. Zion Indus.,Inc. (1992), *Page 13 81 Ohio App.3d 286, 291. Because the trial court is in the best position to gauge the course of proceedings and the conduct of the parties, an appellate court must defer to the trial court's ruling on a motion for sanctions. First Place Bank v. Stamper, 8th Dist. No. 80259, 2002-Ohio-3109, at ¶ 17. Accordingly, an appellate court may not substitute its own judgment for that of the trial court when reviewing for an abuse of discretion. Pons v. Ohio Ste Med. Bd.,66 Ohio St.3d 619, 621, 1993-Ohio-122.
 {¶ 44} The courts of Ohio have the "inherent power to do all things necessary to the administration of justice and to protect their own powers and processes." Slabinski v. Servisteel Holding Co. (1986),33 Ohio App.3d 345, 346. As such, sanctions may be imposed against parties or their attorneys when, in the court's reasoned view, the judicial process is abused. Id; cf., Chambers v. Nasco, Inc. (1991), 501 U.S. 32,43-44.
 {¶ 45} Under the circumstances of the instant case, I do not disagree with the majority's analysis and finding that PBI's improper filing of a post-trial brief could warrant sanctions. However, I diverge from the majority in the finding that this case should be remanded for the imposition of sanctions. The court decided not to order sanctions and that decision is entitled to substantial deference on review. As there is no evidence that the court's decision was unreasonable, I would uphold its denial of sanctions. *Page 1