[Cite as *Harris v. MC Sign Co.*, 2014-Ohio-2888.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**LAKE COUNTY, OHIO**

| | | |
|---|---|---|
| GARY HARRIS, | : | **O P I N I O N** |
| Plaintiff, | : | |
| (ATTORNEY JOSEPH T. GEORGE, | : | **CASE NO. 2013-L-115** |
| Appellant) | : | |
| - vs - | : | |
| MC SIGN COMPANY, et al., | : | |
| Defendants-Appellees. | : | |

Civil Appeal from the Lake County Court of Common Pleas, Case No. 12 CV 002574.

Judgment: Affirmed.

*Patrick J. Milligan*, 1375 East Ninth Street, Suite 2450, Cleveland, OH 44114 (For Appellant).

*Carl F. Muller* and *Jon L. Lindberg*, Warren and Young, PLL, 134 West 46th Street, P.O. Box 2300, Ashtabula, OH 44005-2300 (For Defendants-Appellees).

TIMOTHY P. CANNON, P.J.

{¶1} Appellant, Attorney Joseph T. George, appeals the judgment of the Lake County Court of Common Pleas. The judgment awarded sanctions pursuant to Civ.R. 37(D) in favor of appellees, MC Sign Company and Timothy Eippert, in the sum of $5,638.68 to be paid by Attorney George. Attorney George argues the trial court

abused its discretion in awarding sanctions. For the following reasons, we affirm the judgment of the trial court.

{¶2} Gary Harris, represented by Attorney George, filed a complaint alleging breach of an oral contract and a claim for unjust enrichment against appellees. The case involved the removal of a flag pole from a former hotel property located near the intersection of Interstate Route 90 and State Route 91 in Willoughby, Ohio.

{¶3} On October 12, 2012, attorney for appellees, Jon L. Lindberg, filed a notice to take Mr. Harris' deposition on November 1, 2012, at the office of Attorney George. The record reflects correspondence from Attorney George indicating the proposed date of November 1, 2012, was unacceptable. Consequently, Attorney Lindberg notified Attorney George that he would either depose Mr. Harris on November 29 or November 30, 2012. Attorney Lindberg indicated he would unilaterally choose either of the aforementioned dates if Attorney George did not respond by the following afternoon. Because Attorney George did not respond, Attorney Lindberg chose Saturday, November 30, 2012, at 10:00 a.m. to depose Mr. Harris. Attorney Lindberg filed a "Notice to Take Deposition" with the trial court on November 14, 2012, indicating Mr. Harris' deposition would take place on said date. On November 29, 2012, Mr. Harris filed a Notice of Dismissal Without Prejudice with the Lake County Clerk of Courts, pursuant to Civ.R. 41(A)(1).

{¶4} Attorney Lindberg then filed a motion for sanctions, pursuant to Civ.R. 37(D), Civ.R. 11, and R.C. 2323.51. In his motion, Attorney Lindberg stated that he was unaware the dismissal notice was filed until he arrived at Attorney George's office on the day of the deposition. As a result, Attorney Lindberg argued he needlessly spent

2

time preparing for the deposition; incurred the unnecessary cost of hiring a court reporter; and wasted time traveling to Attorney George's office, which is nearly an hour away from Attorney Lindberg's office. Further, Attorney Lindberg sought sanctions under Civ.R. 11 and R.C. 2323.51, alleging the complaint filed by Attorney George was frivolous and time-barred.

{¶5} The record also demonstrates that on November 1, 2012, Attorney Lindberg sent Attorney George a letter concerning the filing of the complaint, explaining the complaint at issue was time-barred pursuant to the applicable statute of limitations. Attorney Lindberg then stated, "please consider this my formal request that Mr. Harris dismiss his claim with prejudice no later than November 9, 2012." Attorney Lindberg informed Attorney George that if he continued defending these claims, he "will have no choice but to seek the recovery of all fees and expenses associated with our defense of this claim."

{¶6} The trial court held a hearing on Attorney Lindberg's motion for sanctions. Attorney George claimed he never agreed to the date of November 30, 2012, to depose Mr. Harris; that he had a right to voluntarily dismiss the complaint; and that his employee called Attorney Lindberg's office to provide notification of his dismissal of the complaint prior to the scheduled deposition. Attorney Lindberg claimed that he was not aware of this alleged telephone call.

{¶7} The trial court then ordered the attorneys to produce telephone records to resolve whether Attorney Lindberg indeed was notified of the filing of the dismissal prior to November 30, 2012.

3

{¶8} The trial court held an evidentiary hearing, whereby Attorney Lindberg provided the telephone records of all incoming phone calls to his office during November 2012. The telephone records demonstrate no incoming telephone calls from Attorney George's office. Conversely, Attorney George noted that he incorrectly stated the date that his employee called Attorney Lindberg's office—his employee actually called Attorney Lindberg's office on November 13, 2012. Attorney George provided telephone records which demonstrated a 351-second phone call placed to Attorney Lindberg's office on November 13, 2012. Attorney George also provided a copy of an e-mail exchange between the two attorneys demonstrating that a phone call did, in fact, take place.

{¶9} At the evidentiary hearing, Attorney Lindberg agreed this telephone call occurred; however, he noted there was no discussion regarding Mr. Harris' intention to dismiss the case. In fact, Attorney Lindberg focused on the entirety of the e-mail, which demonstrates that he specifically rejected Mr. Harris' settlement offer and renewed his demand that the case be dismissed with prejudice.

{¶10} The trial court granted Attorney Lindberg's motion pursuant to Civ.R. 37(D), but found that sanctions were not justified under either Civ.R. 11 or R.C. 2323.51. The trial court conducted a damages hearing, and Attorney George was ordered to pay $5,638.68 to appellees in the form of a sanctions award.

{¶11} Attorney George filed a notice of appeal and asserts the following assignments of error for this court's review:

> [1.] The trial court committed reversible error when it exercised its jurisdiction following Plaintiff's Notice of Dismissal under Civ.R. 41(A) and imposed sanctions under Civ.R. 37(D) for non-

4

attendance at a deposition that was scheduled to occur after the Notice of Dismissal was filed.

[2.] The trial court erred and abused its discretion when it granted Defendants-Appellees' motion for sanctions, thereby imposing upon Plaintiff's counsel a duty to notify opposing counsel via telephone call, email or fax of a voluntary dismissal when a deposition has been noticed, even though there exists no legal authority to support such a requirement.

For ease of discussion, we address appellants' assigned errors in a consolidated fashion.

**{¶12}** Preliminarily, Attorney George argues the trial court lacked jurisdiction to award sanctions in this case. Specifically, he argues that because his conduct, i.e., not appearing at the deposition, occurred *after* he filed his Civ.R. 41 notice of voluntary dismissal, the trial court lacked jurisdiction to consider Attorney Lindberg's postdismissal motion for sanctions. We disagree.

**{¶13}** This court has recognized that a trial court can exercise jurisdiction to consider a postdismissal motion for sanctions. *Jacobson v. Jonathan Paul Eyewear*, 11th Dist. Lake No. 2011-L-098, 2012-Ohio-3021, ¶10. "[D]espite a voluntary dismissal under Civ.R. 41(A)(1), a trial court may consider certain collateral issues not related to the merits of the action." *State ex rel. Hummel v. Sadler*, 96 Ohio St.3d 84, 2002-Ohio-3605, ¶23. The Ohio Supreme Court explained: "[W]hen a case is dismissed, the trial court is not divested of jurisdiction to hear a claim for attorney fees simply because the basis for the claim is a statute or rule different from Civ.R. 11 or R.C. 2323.51." *Id.* at ¶25.

**{¶14}** Here, appellees filed a motion for sanctions pursuant to Civ.R. 11, Civ.R. 37, and R.C. 2323.51. In their motion, appellees maintained the following: (1) Attorney

5

George failed to appear at the scheduled deposition; (2) Attorney George failed to inform Attorney Lindberg that Mr. Harris had no intention of appearing for the scheduled deposition; (3) and Attorney George was aware that his claims were time-barred, but refused to dismiss his claims until the eve of his client's deposition. The trial court set an evidentiary hearing on the pending motion for sanctions.

{¶15} It is undisputed that a discovery deposition was scheduled for a Saturday morning at Attorney George's office in Cleveland. It is undisputed that Attorney Lindberg was coming from Ashtabula County, a significant distance from Cleveland. It is also undisputed that Attorney George and Mr. Harris failed to appear at the deposition. The evidentiary hearing was set to resolve the dispute over whether Attorney George actually notified Attorney Lindberg that the deposition was not going forward.

{¶16} By setting the evidentiary hearing on appellees' motion pursuant to Civ.R. 11, Civ.R. 37, and R.C. 2323.51, the trial court exercised its jurisdiction to consider the postdismissal motion for sanctions. It is clear that Attorney George was aware the deposition was not going forward prior to the actual filing of the dismissal, when the motion was prepared and sent to the clerk. Thus, his failure to notify Attorney Lindberg that the deposition was cancelled occurred while the case was still pending. This failure was compounded by his failure to notify Attorney Lindberg after the case was dismissed, even though he had ample opportunity to do so. As the court had jurisdiction to consider the collateral issue of sanctions, we can proceed to the merits of the case.

{¶17} Next, Attorney George argues the trial court abused its discretion when it granted appellees' motion for sanctions, as Attorney George did not violate any statutory rule of law. We disagree.

{¶18} "A trial court has broad discretion when imposing discovery sanctions. A reviewing court shall review these rulings only for an abuse of discretion." *Nakoff v. Fairview Gen. Hosp.*, 75 Ohio St.3d 254 (1996), syllabus. An abuse of discretion is the trial court's "'failure to exercise sound, reasonable, and legal decision-making.'" *State v. Beechler*, 2d Dist. Clark No. 09-CA-54, 2010-Ohio-1900, ¶62, quoting *Black's Law Dictionary* 11 (8th Ed.2004). The deferential abuse-of-discretion standard is employed because the trial court is in the best position to determine whether sanctions are necessary or appropriate. Its familiarity and discussions with the parties, the attorneys, and the manner in which they conduct themselves throughout the litigation is difficult to glean from the record on appeal. Thus, absent a demonstration that the court abused its discretion, we will not disturb its judgment.

{¶19} Pursuant to its entry, the trial court awarded sanctions pursuant to Civ.R. 37. Civ.R. 37(B)(2) provides for sanctions as a consequence of failing to follow a court order to provide or permit discovery and allows the aggrieved party to collect reasonable expenses, including attorney fees, caused by the failure. Civ.R. 37(D) provides for sanctions through Civ.R. 37(B)(2)(a)-(c) for failure to appear at a deposition and also allows the aggrieved party to collect reasonable expenses.

{¶20} At the evidentiary hearing on appellees' motion for sanctions, Attorney George informed the trial court that a secretary from his office did, in fact, call Attorney Lindberg's office two days prior to the scheduled deposition to communicate there was

no need to attend the scheduled deposition, as a voluntary dismissal had been filed. Attorney George then stated that he knew his secretary, Ms. Casey, made the telephone call because he was "in the vicinity of the phone call that day." Attorney George proceeded to inform the trial court that he "was in the vicinity of [the telephone call], meaning her cubicle's in the center and [he] was in the vicinity of that area." Although she did not speak with Attorney Lindberg, Attorney George noted that Ms. Casey left a message with a woman at Attorney Lindberg's office.

{¶21} Conversely, Attorney Lindberg informed the court that his office did not receive a communication or telephone call from Attorney George or any employee of his office. Thus, the trial court recognized that it was faced with a "factual question * * * with two diametrically opposed viewpoints." To resolve the dispute, the trial court ordered the telephone records to be subpoenaed; the matter was set for a subsequent hearing to determine whether the telephone call in question was made.

{¶22} At the second hearing, the trial court examined the telephone records and examined whether the telephone call in question occurred. There was much discussion between the attorneys and the trial court regarding this issue. Attorney Lindberg presented the telephone records, which demonstrated that no telephone call was made by Attorney George's office on November 28, 2012; the last telephone call made by Attorney George to Attorney Lindberg's office occurred on November 13, 2012—16 days before Attorney George dismissed the case and 17 days before the scheduled deposition. Attorney George now claimed he improperly recollected the exact date of the purported telephone call, but that he had informed Attorney Lindberg of the impending dismissal during the November 13, 2012 telephone conversation. However,

8

a November 14, 2012 e-mail from Attorney Lindberg memorializing the conversation that occurred on November 13, 2012, demonstrated that the discussion centered on the rejection of Mr. Harris' offer of settlement. The e-mail from Attorney Lindberg continued by stating, "I renew my request that Mr. Harris voluntarily dismiss his claims with prejudice."

{¶23} In its judgment entry, the trial court found that Attorney George's testimony was not credible. The trial court stated:

> The court is especially bothered by the amount of detail George testified to regarding the call Amber Casey allegedly placed to Lindberg on November 28 and that when telephone records did not support those facts, his testimony changed. This entailed much more than simply incorrectly remembering the date of the call. It was a new and different chronicle of events, and it brings his veracity sharply into question.

{¶24} The trial court found that Attorney George made no effort to notify Attorney Lindberg that he planned to voluntarily dismiss the complaint. As a result, Attorney Lindberg incurred unnecessary and easily avoidable financial burdens, and Attorney George's failure to attend the scheduled deposition was not justified.

{¶25} In his appellate brief, Attorney George claims that a trial court cannot impose sanctions upon him because his conduct—failing to appear at the scheduled deposition—occurred *after* the filing of his notice of dismissal. We emphasize that trial courts are in the best position to determine whether sanctions are necessary or appropriate, as they are familiar with the exchanges between the parties, the attorneys, and the manner in which they conduct themselves throughout the litigation. "'There is no question that trial courts have authority to impose sanctions where the actions of a party operate to thwart the judicial process." *Telecom, Ltd.* v. *Wisehart & Wisehart, Inc.*,

9

10th Dist. App. Franklin No. 11AP-1147, 2012-Ohio-4376, ¶15. "'"Courts of general jurisdiction possess inherent power to do all things necessary to the administration of justice and to protect their own powers and processes."'" *Id.*, quoting *Wallace v. Hawkins*, 10th Dist. Franklin No. 00AP-728, 2001 Ohio App. LEXIS 1110 (Mar. 13, 2001), quoting *Slabinski v. Servisteel Holdings Co.*, 33 Ohio App.3d 345, 346 (9th Dist. 1986).

**{¶26}** Here, considerable time and resources were expended to determine whether Attorney George did, in fact, inform Attorney Lindberg that he had filed a notice of dismissal. As noted, the trial court was faced with two diametrically-opposed factual scenarios: (1) Attorney George stated that he heard his secretary call the office of Attorney Lindberg and leave a message with a woman at his office, while (2) Attorney Lindberg stated that no such call took place.

**{¶27}** The trial court found, and the evidence supports the finding, that appellant gave a detailed false statement to the court when it was trying to assess the merits of appellees' motion for sanctions. It appears this is the primary reason for the granting of sanctions. It is a classic case of the cover-up being worse than the crime. An officer of the court making false statements to the court simply cannot, and should not be, tolerated. This false statement is directly responsible for the additional effort required to obtain the necessary records and conduct a further hearing. Then, the false statement was compounded by another claim that the telephone call occurred over two weeks earlier. The trial court had the authority to protect the integrity of the proceedings before it and assess sanctions against Attorney George for the abuse of the judicial process. *Telecom, Ltd., supra*, ¶15. As noted, the discretion of the trial court is broad in the

10

imposition of sanctions. We cannot say the trial court abused that discretion here based on the misrepresentations of counsel.

{¶28} Attorney George's first and second assignments of errors are without merit.

{¶29} The judgment of the Lake County Court of Common Pleas is hereby affirmed.


CYNTHIA WESTCOTT RICE, J.,

THOMAS R. WRIGHT, J.,

concur.

11