[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION AND JUDGMENT ENTRY
This appeal is from the June 25, 2001 judgment of the Lucas County Court of Common Pleas which sanctioned George Rogers, pursuant to Civ.R. 11, for filing and prosecuting an unsupportable case against appellee, Records Deposition Service of Ohio, Inc. Upon consideration of the assignment of error, we affirm the decision of the lower court. Appellant, George Rogers, asserts the following sole assignment of error on appeal:
 "THE TRIAL COURT COMMITTED PREJUDICIAL ERROR WHEN IT IMPOSED CIVIL RULE 11 SANCTIONS AGAINST APPELLANT."
The following facts were established by the trial court. In 1995, Lora Jones was injured in a work-related accident. She brought suit against her employer. Jones signed a release permitting her employer's attorney to obtain her medical records. Appellee was hired by the attorney for Jones' employer to obtain her medical records. By the time Rogers, Jones's attorney, learned of the subpoenaed records, the medical providers had already sent Jones' records to appellee. Rogers argues that the subpoenas were invalid because they did not meet the requirements of Civ.R. 45. He demanded that appellee return the records to Jones. Appellee refused to do so. Rogers complained to the attorney for Jones' employer and he agreed to work out a compromise. Rogers also filed the current action against appellee, on behalf of Jones, seeking declaratory judgment that the subpoenas were defective and asserting claims of tortious invasion of privacy and conversion.
The trial court dismissed the declaratory judgment action on summary judgment holding that appellant lacked standing to complain about the sufficiency of service on the third-party medical providers. Furthermore, the court held that even if appellant could assert the rights of the subpoenaed witnesses, he failed to timely raise his objections. The court also granted summary judgment to appellee on the claims for invasion of privacy and conversion of Jones' medical records. The court held that Jones waived her patient-physician confidentiality privilege by giving a medical release to counsel for her employer and by filing a lawsuit against her employer. Since appellee did nothing more than retrieve the medical records as an agent for counsel for Jones' employer, the court concluded that appellee did not violate Jones' patient-physician privilege.
Appellee then sought sanctions against Rogers for filing this suit allegedly in violation of Civ.R. 11. The court granted appellee's motion and sanctioned Rogers. The court awarded appellee $9,174.25 for its expenses and reasonable attorney fees expended to defend this action plus interest beginning December 19, 2000. Rogers then sought an appeal to this court.
In his sole assignment of error, Rogers asserts several issues. All of the issues relate to the court's imposition of sanctions against Rogers for filing this suit.
Civ.R. 11 provides:
 "Every pleading, motion, or other paper of a party represented by an attorney shall be signed by at least one attorney of record in the attorney's individual name, * * *. The signature of an attorney or pro se party constitutes a certificate by the attorney or party that the attorney or party has read the document; that to the best of the attorney's or party's knowledge, information, and belief there is good ground to support it; and that it is not interposed for delay. * * * For a willful violation of this rule an attorney or pro se party, upon motion of a party or upon the court's own motion, may be subjected to appropriate action, including an award to the opposing party of expenses and reasonable attorney fees incurred in bringing any motion under this rule. * * *."
On appeal, we must determine as a matter of law whether there were any legal grounds for the pleading. NationsRent v. Michael Const. Co. (Mar. 27, 2002), Summit App. No. 20755, at 5. We review the trial court's determination of whether there was a willful violation of Civ.R. 11 and whether sanctions should have been awarded on an abuse of discretion standard. State ex rel. Fant v. Sykes, Director, Ohio Dept. of Admin.Services (1987), 29 Ohio St.3d 65. An abuse of discretion is found only if we find that the trial court made more than error of law or judgment. We must find that the trial court's ruling reflected an unreasonable, arbitrary, or unconscionable attitude. Tracy v. Merrell DowPharmaceuticals, Inc. (1991), 58 Ohio St.3d 147, 152. To constitute a willful violation of Civ.R. 11, a party must have "willfully signed a pleading which, to the best of his knowledge, information and belief, was not supported by good ground." NationsRent v. Michael Const. Co., supra at 6 citing Haubeil Sons Asphalt Materials, Inc. v. Brewer BrewerSons, Inc. (1989), 57 Ohio App.3d 22, 23.
Rogers contends that Jones has an actionable claim against appellee for unlawfully inducing her medical providers to breach their physician confidentiality duty not to disclose Jones' medical records by knowingly sending them invalid subpoenas.
In Biddle v. Warren Gen. Hosp. (1999), 86 Ohio St.3d 395, paragraphs one, two, and three of the syllabus, the Supreme Court of Ohio has recognized the tort of breach of confidentiality where there is a wrongful inducement of another to breach their duty of confidentiality. However, the Biddle court also held that disclosure of confidential information is permitted where the disclosure is mandated by the Ohio Revised Code, a common law duty, or public policy. Id. at paragraph two of the syllabus. This exception is analogous to the exception to the physician-patient testimonial privilege legislatively expressed in R.C.2317.02(B)(1)(a)(iii). Therefore, we would agree with appellee that a physician can be compelled to disclose privileged information if the patient signed a release or there is a pending civil action and the information is sought pursuant to Ohio's Civil Rules of Procedure.
While Rogers contends on appeal that appellee obtained records beyond those contemplated by R.C. 2317.02(B)(1)(a)(iii), he admitted at the sanction hearing that he did not know if any of the medical records released went beyond those relevant to Jones' civil action. Therefore, Rogers has no basis for arguing that appellee obtained more information than it should have.
Rogers argues that the trial court erred by finding that Jones lacked standing to bring a declaratory judgment action to raise the issue of service of the subpoenas. The trial court properly concluded that only the person subpoenaed has standing to file a motion challenging the subpoena under Civ.R. 45(C) in order to quash the subpoena. NorthOlmsted v. Pisani (Nov. 22, 1995), Cuyahoga App. No. 67986 67987 andRamus v. Ramus (Aug. 19, 1976), Cuyahoga App. No. 34965. However, Jones did not seek to quash the subpoena in this case. Rather, she sought to prove that the subpoena was improperly served in order to demonstrate that appellee wrongfully induced Jones' medical providers into disclosing her medical records. Therefore, we agree that the trial court erred in finding that Jones lacked standing to bring this action.
However, we agree with the trial court that even if Jones had standing to seek declaratory judgment, she waived her right to challenge the subpoenas. Ordinarily a party brings a breach of confidentiality action after disclosure of the medical information. However, in this case, we agree with the trial court that Jones lost her right to assert this issue because she did not make an objection nor move for a protective order in the underlying civil action. Had she done so, the trial court could have determined whether appellee gained access to records beyond those relevant to the pending lawsuit and thereby prevented an improper disclosure of Jones' medical records. We need not reach the issue of whether the subpoenas were properly prepared or served.
Rogers argues that there was sufficient grounds to justify his filing of the present lawsuit. Upon a review of the evidence in this case, we find that Rogers did not have sufficient facts to justify filing this action. Rogers knew that there had been a waiver of Jones' confidentiality rights and that he failed to challenge the subpoenas in the underlying civil action to prevent improper disclosure of her records.
Finally, Rogers argues that there was no evidence that he willfully violated Civ.R. 11. He argues that there was no evidence to support the court's finding of personal animus against appellee.
At the sanction hearing, Rogers submitted into evidence a letter sent to the attorney for Jones' attorney in which Rogers wrote that he had been involved in a prior incident involving appellee and their process of serving allegedly improper subpoenas. He also stated that he would "not allow non-parties, Records Deposition Service for one, to get disclosure of my client's records and certainly not with a phony subpoena. I will sue the parties responsible for any disclosure of medical records that are obtained by false or fraudulent means." Rogers clearly indicated at the hearing that he intended to bring suit against appellee. He purposely chose to resolve the subpoena issue by means of this action rather than by challenging the discovery in the underlying civil action. For that reason, the trial court found that Rogers willfully filed this action. We cannot find that the trial court abused its discretion by imposing sanctions against Rogers. Appellant's sole assignment of error is found not well-taken.
Having found that the trial court did not commit error prejudicial to Rogers, the judgment of the Lucas County Court of Common Pleas is affirmed. Pursuant to App.R. 24, Rogers is hereby ordered to pay the court costs incurred on appeal.
JUDGMENT AFFIRMED.
Melvin L. Resnick, J., James R. Sherck, J., JUDGES CONCUR.