[Cite as *Pfeifer Farms, Inc. v. Hill*, 2024-Ohio-3057.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## MARION COUNTY

PFEIFER FARMS, INC., ET AL.,

    PLAINTIFFS-APPELLEES,               CASE NO. 9-23-79

    v.

MASON HILL, ET AL.,

    DEFENDANTS-APPELLEES,          O P I N I O N

[KONRAD KUCZAK - APPELLANT]

Appeal from Municipal Court of Marion County
Trial Court No. 22 CVH 314

**Judgment Affirmed**

**Date of Decision: August 12, 2024**

APPEARANCES:

    *Konrad Kuczak,* Appellant

    *Todd A. Anderson* for Appellees, Pfeifer Farms, Inc. and Upper Holdings, LLC

**WALDICK, J.**

{¶1} Attorney-appellant, Konrad Kuczak ("Kuczak"), brings this appeal from the November 17, 2023 judgment of the Marion County Common Pleas Court. On appeal, Kuczak argues that the trial court erred by awarding attorney's fees to plaintiff-appellee, Pfeifer Farms ("Pfeifer"), for Kuczak's violation of R.C. 2323.51 and Civ.R. 11. For the reasons that follow, we affirm the judgment of the trial court.

*Background*

{¶2} Mason Hill and Kiersta Weis (collectively, "Defendants") leased a residence in Marion from Pfeifer. The rental term was for one year beginning April 1, 2020, converting to a month-to-month tenancy beginning April 1, 2021. The rental amount was $1,200 per month and the security deposit was $800.

{¶3} On November 17, 2021, Defendants were served a notice of termination of their tenancy effective December 31, 2021. Defendants did not pay rent for December of 2021, but they did move out of the residence in December of 2021. Defendants also did not provide a forwarding address upon the termination of their tenancy.

{¶4} On January 18, 2022, Defendants were provided written notice that their security deposit would be retained along with documentation and a demand for

money damages totaling $27,837.67. It was alleged, *inter alia*, that Defendants caused significant damage to the property, far beyond normal wear and tear.[1]

**{¶5}** After Defendants did not respond to the claim for damages, Pfeifer filed a complaint against Defendants in the Marion County Municipal Court seeking money damages in the amount of $15,000 for unpaid rent, late fees, pet violation fees, oil tank refilling fees, and property damage.[2]

**{¶6}** Defendants retained attorney Kuczak to represent them. Kuczak then filed an answer and counterclaim to Pfeifer's complaint. The counterclaim alleged, *inter alia*, that Pfeifer had required a security deposit greater than one-month's rent in contravention of R.C. 5321.16, and that Pfeifer had committed an "abuse of process." Defendants indicated that their attorney did not tell them about filing counterclaims, and that they did not understand the allegations.

**{¶7}** Both parties filed motions for summary judgment; however, Kuczak ultimately dismissed Defendants' counterclaims that were made under R.C. 5321.16. Subsequently, Defendants' summary judgment motion was denied, and

---

[1] As a result of the damages, Pfeifer had to

> refill the oil tanks, remove trash/debris from inside and outside the property, including out-buildings, completely remove the carpet throughout the house, repair the cabinets/drawers in the kitchen, replace broken window screens, replace broken ceiling tiles, plaster holes, replace wallpaper throughout the house, fix door trims, replace a missing stair spindle, replace water softener, and deep clean the entire property.

[2] Pfeifer testified that they chose to limit the recovery amount to $15,000 even though the damages far exceeded this amount.

Pfeifer's was granted in part, which disposed of Defendants' only remaining counterclaims.

**{¶8}** A trial was held before a magistrate on November 30, 2022.[3] Kuczak told one of the Defendants, Mason Hill, that he did not have to be present for the trial because he was not subpoenaed by Pfeifer.

**{¶9}** Kiersta Weis testified at the hearing and she admitted that Defendants had caused many of the alleged damages to the subject property, despite having denied causing the damage previously. Testimony and exhibits were presented establishing the condition of the property both before and after Defendants were on the property. After reviewing the evidence, the magistrate recommended that judgment be granted in favor of Pfeifer in the amount of $15,000 plus statutory interest. Defendants objected to the magistrate's decision, but the objections were overruled. The magistrate's recommendation was adopted as the order of the trial court.

**{¶10}** Following the trial, Pfeifer filed a motion for attorney's fees and sanctions against Defendants and against their attorney, Kuczak, with request for an oral hearing. Kuczak withdrew as counsel for Defendants and Kuczak retained counsel. A hearing was held on Pfeifer's motion for attorney's fees and sanctions

---

[3] No transcript from this trial was filed on appeal. Kuczak specifically did not request the transcript.

on August 28, 2023. The hearing could readily be described as "combative," particularly during Kuczak's testimony.

{¶11} On November 6, 2023, the trial court issued a written decision determining that Kuczak had engaged in frivolous conduct in violation of R.C. 2323.51, and that he had violated his duties under Civ.R. 11. In reaching the conclusion that Kuczak engaged in frivolous conduct, the trial court conducted the following analysis:

> The evidence presented at the oral hearing shows frivolous conduct occurred based on a series of events throughout this case. The Court will not describe each and every event leading to the finding that frivolous conduct occurred but will briefly discuss a few examples that led to this finding.
>
> Following continual photographic evidence and a list of damages provided by Plaintiffs, Defendants (Weis and Hill) through their Attorney (Kuczak) continued to deny the damage. They denied the damages in their answers to Plaintiffs' Request for Admissions and during depositions, which led to a full day of trial with increased time and attorney's fees. However, at the trial, Defendant Weis admitted to knowledge of most of the damage Plaintiffs alleged occurred in their original complaint and throughout the entire process.
>
> Attorney Kuczak engaged in frivolous conduct specifically designed to harass Plaintiffs leading to an unnecessary delay in the proceedings by filing counterclaims with a lack of any legal or factual basis and without knowledge of his own clients. Hill and Weis both testified they had no knowledge of the counterclaims filed by their attorney. Based on the letter provided by Plaintiffs following the end of their tenancy, no reasonable attorney could argue the counterclaims filed have merit. Attorney Kuczak defended the baseless counterclaims until Motions for Summary Judgment were filed. At which point, Attorney Kuczak dismissed two claims, regarding the rental deposit, but continued with the claims for quiet enjoyment and abuse of process. The Court granted Plaintiffs' Motion for Summary Judgment

on those final two counterclaims. However, Attorney Kuczak showed up at trial believing the claims were still pending.

The evidence showed Attorney Kuczak advised both Defendants to continue to deny the property damage in their answers to Plaintiffs' Requests for Admissions. * * * Both Hill and Weis testified they relied on Attorney Kuczak to answer the discovery requests and were advised to say "none", regardless of if it was an inaccurate statement. Hill and Weis further testified they admitted to some of the damages listed throughout Plaintiffs' Requests for Admissions, but that they were told to deny the damages by Attorney Kuczak. * * * Both Hill and Weis testified they relied fully on the advice from Attorney Kuczak throughout the case because they had no understanding of the legal basis of the claims or of the process itself.

Attorney Kuczak provided the answers "exhibits will be identified and exchanged at a time designated by the court" in Defendants' answers to Plaintiffs' Requests for Production. Hill and Weis both admitted they had no documents to provide at the time and would not have any to supplement. However, Attorney Kuczak testified he answered this way because the Court issued a scheduling order, with a discovery requests deadline, that controls over the Ohio Rules of Civil Procedure.

Evidence also showed Attorney Kuczak had informed Hill he "was not subpoenaed by Plaintiffs to appear at the trial, even though he was a party to the case, therefore he did not need to appear." Hill testified he would have been at the trial if Attorney Kuczak did not tell him not to attend. Hill also testified Attorney Kuczak failed to explain that Hill's failure to appear at the trial could lead to a default judgment being made against him. Attorney Kuczak denied telling Hill not to appear, but admitted to telling Hill he was "unnecessary." Furthermore, Attorney Kuczak presented no evidence or witness testimony at trial to defend the claims or evidence presented by Plaintiffs. Defendant Weis was called by Plaintiffs' counsel on cross examination but was not recalled for further explanation or examination by Attorney Kuczak on direct examination.

Evidence was also presented that, prior to the trial, Attorney Anderson reached out to Attorney Kuczak for stipulations on certain evidence and to discuss possible settlement. Evidence presented at the sanctions

hearing revealed Attorney Kuczak told Attorney Anderson he had "no intention of entering stipulations because he wasted his time with depositions." Attorney Kuczak also admitted to not submitting to any negotiations during the case and further admitted to telling Attorney Anderson his job was to "throw sand in your gears" at the trial. Hill testified Attorney Kuczak never brought any offer of settlement to him or Weis during the pendency of the case.

It is clear from the evidence presented at the oral hearing frivolous conduct occurred and due to that conduct, the case was prolonged, leading to additional expenses and Attorney's fees incurred by Plaintiffs. Defendants, Hill and Weis, relied solely on the advice of Konrad Kuczak throughout their case, without understanding the possible consequences of their actions or disactions. Therefore an award of attorney's fees is appropriate under R.C 2323.51 against Konrad Kuczak only.

(Doc. No. 76).

{¶12} The trial court also determined that Kuczak violated Civ.R. 11 by filing counterclaims on behalf of defendants without their knowledge or approval. The trial court found this particularly egregious because prior to filing the counterclaims Kuczak knew or should have known that the counterclaims had no basis or support.

{¶13} Based on testimony at the final hearing, the trail court determined that Pfeifer should be awarded the attorney's fees incurred due to Kuczak's violations of R.C. 2323.51 and Civ.R. 11. Testimony and evidence established that Pfeifer incurred $12,545 in attorney's fees and expenses due to Kuczak's actions. On November 17, 2023, the trial court issued a final judgment for Pfeifer against

Kuczak in that amount. It is from this judgment that Kuczak now appeals, asserting

the following assignments of error for our review.

## First Assignment of Error

**The trial court committed prejudicial error in imposing sanctions pursuant to Civ.R. 11.**

## Second Assignment of Error

**The trial court committed prejudicial error by concluding that Kuczak's acts or omissions were frivolous as a matter of law.**

## Third Assignment of Error

**The trial court committed prejudicial error in issuing its award of sanctions contrary to 2323.51(B)(2)(a).**

{¶14} Before we reach the assignments of error, we must address a procedural issue in this matter. Kuczak did not request or produce a transcript of the November 30, 2022 hearing. Given that the trial court imposed sanctions under Civ.R. 11 and R.C. 2323.51 for Kuczak's conduct throughout this case, and given that Kuczak's conduct was exemplified through some of the statements and testimony at the November 30, 2022 hearing, the lack of a transcript from the hearing hinders our review to a degree. App.R. 9(B)(3); *Irvin v. Tate*, 2022-Ohio-2553, ¶ 10 (10th Dist.).

{¶15} Simply put, "appellant bears the burden of showing error by reference to matters in the record." *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199 (1980). "Without a transcript, a reviewing court must presume the regularity of the proceedings under such circumstances." *Irvin* at ¶ 10.

{¶16} Here, we have a transcript from the *sanctions* hearing, so we can still conduct a review of the matter; however, to any extent actions or statements at the original final hearing were made, such as Weis admitting issues she had previously denied claiming that Kuczak had told her to deny them, we must presume regularity and accept the trial court's findings from the earlier hearing.

*First Assignment of Error*

{¶17} In his first assignment of error, Kuczak argues that the trial court committed prejudicial error by imposing sanctions against him under Civ.R. 11.

Standard of Review

{¶18} Civil Rule 11 governs the signing of pleadings, motions, and other documents and provides, in pertinent part:

> The signature of an attorney or *pro se* party constitutes a certificate by the attorney or party that the attorney or party has read the document; that to the best of the attorney's or party's knowledge, information, and belief there is good ground to support it; and that it is not interposed for delay. If a document is not signed or is signed with intent to defeat the purpose of this rule, it may be stricken as sham and false and the action may proceed as though the document had not been served. For a willful violation of this rule, an attorney or *pro se* party, upon motion of a party or upon the court's own motion, may be subjected to appropriate action, including an award to the opposing party of expenses and reasonable attorney fees incurred in bringing any motion under this rule.

{¶19} In ruling on a motion for sanctions made pursuant to Civ.R. 11, a court "must consider whether the attorney signing the document (1) has read the pleading, (2) harbors good grounds to support it to the best of his or her knowledge,

information, and belief, and (3) did not file it for purposes of delay." *Ceol v. Zion Indus., Inc.,* 81 Ohio App.3d 286, 290 (9th Dist.1992); *ABN AMRO Mtge, supra,* 2013–Ohio–1557, ¶ 17. The standard of review to be applied to a trial court's decision on a request for sanctions under Civ.R. 11 is an abuse of discretion. *Feagan v. Bethesda N. Hosp.*, 2024-Ohio-166, ¶ 16 (1st Dist.). However, purely legal questions, such as whether good legal grounds exist to support a complaint, are reviewed de novo. *Id.*; *Reddy v. Singh*, 2015-Ohio-1180, ¶ 74 (3d Dist.).

Analysis

**{¶20}** Kuczak first argues that the trial court "did not find that anything Kuczak did was willful," thus the trial court could not impose sanctions under Civ.R. 11. However, Kuczak's argument ignores the clear language of the trial court's decision. In the trial court's discussion of Civ.R. 11, the trial court set forth the applicable legal authority indicating that an attorney has to willfully violate Civ.R. 11 before the trial court could sanction the attorney. Only two sentences later, the trial court determined that Kuczak violated his duty provided under Civ.R. 11.

**{¶21}** Kuczak seems to take issue with the fact that the trial court did not specifically use the word "willful" when it determined that he violated Civ.R. 11. In order to find that the trial court failed to make a finding that his conduct was willful, we would have to ignore the legal authority the trial court cited just two sentences prior and presume that the trial court did not follow that legal authority. This is an illogical interpretation of the trial court's decision, and we reject it.

{¶22} Kuczak next argues that he did not cause a delay in this case and that the trial court did not find that he signed or filed documents "for the purpose of delay" as Civ.R. 11 requires. Again, Kuczak ignores the fact that the trial court cited the exact language of Civ.R. 11 related to "delay," then indicated that Kuczak knowingly encouraged both defendants to provide false or misleading answers on Pfeifer's "Request for Admissions," which led to unnecessary time and expenses throughout the case.

{¶23} It is important to focus on Kuczak advising Defendants to deny issues in discovery responses even when the Defendants did not deny that they had caused certain damages. Defendants testified that they did not understand the Requests for Admissions and they relied on Kuczak telling them to deny the salient issues. Defendant Weis specifically testified that she did not believe her answers to the interrogatories were true when she signed them. (Tr. at 70). Then, as the matter proceeded to trial, defendant Weis readily admitted to many of the damages caused. Defendant Hill testified that because of the answers submitted in discovery there were more "headaches," resulting in a longer trial and more attorney's fees. (Aug. 28, 2023, Tr. at 29).

{¶24} Moreover, both Defendants testified that interrogatories asked what portion of the lease they believed to be invalid and Kuczak instructed them to state the "entire lease," but the Defendants did not even believe that. (*Id*. at 40). Pfeifer testified that if interrogatories and admissions had been answered honestly they

would not have had to take depositions. These actions alone would be sufficient to justify sanctions under Civ.R. 11.

{¶25} Further, in imposing sanctions under Civ.R. 11, the trial court determined that Kuczak filed counterclaims without the knowledge or approval of his clients. In addition, the trial court determined that Kuczak filed counterclaims that he knew had no basis or support when they were filed. For example, Kuczak testified that his "quiet enjoyment" claim was based on language required by the "Dayton Metropolitan Housing Authority" even though this case was based in Marion. (*Id.* at 79). In addition, Kuczak filed a counterclaim alleging that Pfeifer was in violation of R.C. 5321.16 for requiring a security deposit in excess of a month's rent. However, he had no actual evidence to support this claim—just a mere supposition that Pfeifer's document tilted "Notice of Security Deposits Disposition" must mean that multiple security deposits were required and that they must have been in excess of a month's rent in violation of R.C. 5321.16. Notably, there was only ever one security deposit and it was less than a month's rent. To the extent that Kuczak claimed evidence to the contrary, defendant Hill specifically testified that Kuczak's testimony was "[n]ot true at all." (Tr. at 246).

{¶26} These are all issues that caused delay in this case, and they are all reasons supporting the trial court's determination that he willfully violated Civ.R. 11. In fact, it is relatively inconceivable that Kuczak would arrive on the day of trial having told one of the Defendants he did not need to be present, while being unaware

that his counterclaims were no longer pending due to summary judgment being granted in favor of Pfeifer.

**{¶27}** Finally, we emphasize that while Kuczak essentially attacks every single one of the trial court's findings related to sanctions in this matter, even if we agreed with him on some of the points, it would not create reversible error here as the record clearly reflects he engaged in sanctionable conduct under Civ.R. 11. For all of these reasons, Kuczak's first assignment of error is overruled.

*Second Assignment of Error*

**{¶28}** In his second assignment of error, Kuczak argues that the trial court committed prejudicial error by concluding that his acts or omissions were frivolous as a matter of law.

Standard of Review

**{¶29}** " '[N]o single standard of review applies in R.C. 2323.51 cases.' " *Namenyi v. Tomasello,* 2014–Ohio–4509, ¶ 19 (2d Dist.), quoting *Wiltberger v. Davis,* 110 Ohio App.3d 46, 51 (10th Dist.1996). When the question regarding what constitutes frivolous conduct calls for a legal determination, such as whether a claim is warranted under existing law, an appellate court is to review the frivolous conduct determination de novo, without deference to the trial court's decision. *Natl. Check Bur. v. Patel,* 2005–Ohio–6679, ¶ 10 (2d Dist.).

**{¶30}** "In contrast, if there is no disputed issue of law and the question is factual, we apply an abuse of discretion standard of review." *Riverview Health Inst.,*

*L.L.C. v. Kral,* 2012–Ohio–3502, ¶ 33 (8th Dist.). Likewise, if the trial court determines that a violation under R.C. 2323.51 or Civ.R. 11 exists, the trial court's imposition of sanctions for said violation will not be disturbed absent an abuse of discretion. *Gallagher v. AMVETS Post 17,* 2009–Ohio–6348, ¶ 32 (6th Dist.), citing *State ex rel. Fant v. Sykes,* 29 Ohio St.3d 65 (1987). An abuse of discretion occurs when a decision is unreasonable, arbitrary, or unconscionable. *State ex rel. Worrell v. Ohio Police & Fire Pension Fund,* 2006–Ohio–6513, ¶ 10.

{¶31} Frivolous conduct is governed by R.C. 2323.51(A)(2), which reads, in pertinent part,

> (2) "Frivolous conduct" means either of the following:
>
> (a) Conduct of an inmate or other party to a civil action, of an inmate who has filed an appeal of the type described in division (A)(1)(b) of this section, or of the inmate's or other party's counsel of record that satisfies any of the following:
>
> (i) It obviously serves merely to harass or maliciously injure another party to the civil action or appeal or is for another improper purpose, including, but not limited to, causing unnecessary delay or a needless increase in the cost of litigation.
>
> (ii) It is not warranted under existing law, cannot be supported by a good faith argument for an extension, modification, or reversal of existing law, or cannot be supported by a good faith argument for the establishment of new law.
>
> (iii) The conduct consists of allegations or other factual contentions that have no evidentiary support or, if specifically so identified, are not likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

(iv) The conduct consists of denials or factual contentions that are not warranted by the evidence or, if specifically so identified, are not reasonably based on a lack of information or belief.

**{¶32}** In determining whether a claim itself is frivolous under the statute, the test is whether no reasonable lawyer would have brought the action in light of the existing law. *Orbit Elecs., Inc. v. Helm Instrument Co.,* 2006–Ohio–2317, ¶ 49 (8th Dist.).

Analysis

**{¶33}** Under his second assignment of error, Kuczak lists seven findings of the trial court that he believes are not supported. Further, he claims that even if the findings were supported, the findings did not legally meet the threshold to impose sanctions.

**{¶34}** Kuczak specifically argues that the trial court improperly determined that he engaged in frivolous conduct by: advising defendant Hill that he did not have to appear for trial unless subpoenaed; presenting no evidence at trial; failing to engage with opposing counsel in an attempt to enter stipulations to limit the issues at trial; refusing to enter into settlement negotiations; filing counterclaims without the approval of Defendants; telling opposing counsel that it was his job to throw "sand" in Pfeifer's "gears"; and formulating a response to interrogatories that exhibits would be identified and exchanged at a later time designated by the trial court.

**{¶35}** In evaluating Kuczak's arguments, it is important to emphasize that the trial court determined that Kuczak engaged in frivolous conduct "based on a series of events throughout this case." (Doc. No. 75). In fact, the trial court stated it would not discuss each and every event leading to the finding, focusing on a few examples. Kuczak seemingly attempts to attack all of the examples provided by the trial court. However, as stated in the prior assignment of error, even if we determined any single argument had some merit, others do not.

**{¶36}** Simply put, Pfeifer filed an action against Defendants seeking damages the Defendants had caused to Pfeifer's property. Despite the fact that Defendants ultimately admitted that they caused much of the damage, this case proceeded through depositions, summary judgment motions, and a trial. Kuczak's actions delayed the case and needlessly increased the cost of the litigation for both parties.

**{¶37}** After reviewing the record, we find no error with the trial court's determination that Kuczak engaged in frivolous conduct. Therefore his second assignment of error is overruled.

*Third Assignment of Error*

**{¶38}** In his third assignment of error, Kuczak argues that the trial court erred by issuing its award of sanctions in this matter.

Analysis[4]

**{¶39}** In its entry, the trial court made the following findings with regard to

the "Amount of Attorney's Fees" awarded:

> If frivolous conduct is found and the Court awards attorney's fees, "the amount of an award of attorney's fees shall not exceed, and may be equal to or less than, the attorney's fees that were reasonabl[y] incurred by a party." R.C. 2323.51(B)(3-4) [italics removed]. For awards under Civ.R. … 11, "the court may award the reasonable value of the services performed by the attorney, whether or not the party represented by that attorney actually paid or is obligated to pay the attorney for such services performed. Civ.R. 54 [italics removed].
>
> Plaintiffs provided itemized lists of work completed by Attorney Anderson, as well as the testimony from Attorney Jon Jenson. Attorney Jenson testified based on his review of the invoices, he believed the attorneys [sic] fees charged were reasonable with the work that was completed. Plaintiff Dennis Pfeiffer testified to the amount of fees and expenses he has incurred throughout the case and what he would also be incurring for the oral hearing on the motion for sanctions.
>
> The testimony and evidence provided establish an amount of $10,350 in attorney's fees and $395.00 in expenses related to frivolous and sanctionable conduct prior to the hearing on the pending motion. Plaintiffs requested an additional $225.00 per hour in attorney's fees for the oral hearing on the pending motion. This Court heard eight (8) hours of testimony and evidence on Plaintiffs' motion, totaling an additional amount of $1,800.00 in attorney's fees.
>
> Having reviewed the testimony and evidence presented, this Court finds the amount of attorney's fees and expenses Plaintiffs' have incurred based on the frivolous conduct and sanctionable conduct under Civ.R. 11 in the amount of $12,545.00 to be reasonable based on the circumstances of the case and the conduct that occurred throughout.

---

[4] The standards of review referenced in the previous assignments of error remain relevant here.

(Doc. No. 76).

**{¶40}** Kuczak makes numerous arguments in an attempt to undermine the trial court's award. First he contends that the trial court did not find that Pfeifer was adversely affected by Kuczak's conduct, so the trial court improperly awarded sanctions. However, the trial court explicitly determined that Pfeifer incurred attorney's fees and expenses "*related to frivolous and sanctionable conduct*." (*Id.*) Kuczak's argument is thus inaccurate and it is not well-taken.

**{¶41}** Kuczak next argues that the record does not have reliable probative evidence of the cost of Kuczak's conduct. However, the record contains the testimony of an independent attorney who indicated that he could not find any grounds to support Kuczak's counterclaims. The independent attorney also testified regarding the fees and expenses related to the frivolous conduct and he found them to be reasonable and necessary. Further, he testified that the hourly rate charged by Pfeifer's attorney was reasonable.

**{¶42}** Kuczak argues that the independent attorney's testimony was "of no probative value," but we disagree. In a bench trial, the trial court acts as the factfinder and determines both the credibility of witnesses and the weight of the evidence. *State v. Schenck*, 2022-Ohio-430, ¶ 21 (12th Dist.); *DiPasquale v. Costas*, 2010-Ohio-832, ¶ 34 (2d Dist.). The trial court could readily find the independent attorney's testimony credible and we will not second-guess that credibility determination.

{¶43} Finally, Kuczak argues that "the case had to be tried in any event." More specifically, he argues, "For Pfeiffer to have accomplished his slam dunk, he would have had to put the ball through the hoop by proving damages with reasonable certainty." (Appt.'s Br. at 23). This argument ignores the increase in litigation costs that was necessitated by Kuczak's actions in a case where Defendants ultimately admitted to much of the conduct and Pfeifer had damages well in excess of $15,000.

{¶44} In sum, after reviewing the record before us, we find no reversible error with the trial court's factual and legal conclusions in this matter. Therefore, Kuczak's third assignment of error is overruled.[5]

### Conclusion

{¶45} Having found no error prejudicial to Kuczak in the particulars assigned and argued, his assignments of error are overruled and the judgment of the Marion Municipal Court is affirmed.

**Judgment Affirmed**

**WILLAMOWSKI, P.J. and ZIMMERMAN, J., concur.**

**/jlm**

---

[5] Although we have not sustained any of Kuczak's assignments of error, we find that he had good grounds to appeal the trial court's determination. Therefore we deny Pfeifer's request for attorney's fees and costs of the appeal under App.R. 23.